DUDLEY D. MASON *against* JAMES McCAMPBELL.

ERROR *to Pulaski Circuit Court.*

In proceedings under the attachment law, the answer of a garnishee is *prima facie* evidence of the truth of the allegations it contains.
But these allegations may be rebutted or disproved by any other competent evidence.
And where it is assigned for error that the court below refused to instruct the jury that the answer of the garnishee under oath should be taken as true until disproved by the plaintiff, the bill of exceptions should set out all the evidence in the case, or show that there was no other evidence.
If this is not done, the legal presumption is that the court below refused to give the instruction, because the answer was disproved or rebutted.

Absent, RINGO, *Chief Justice.*

This was a proceeding against Mason, as garnishee, according to the provisions of the statute of the Territory in force at the institution of the suit. McCampbell, the plaintiff below, commenced an action of assumpsit against Steele, a non-resident debtor, by suing out a writ of attachment, and obtained judgment against him on the trial of the cause. The writ was regularly served upon the garnishee, and the plaintiff then exhibited and filed his interrogatories, calling upon Mason to answer all and singular the allegations exhibited against him. The garnishee thereupon appeared and put in his answer, setting forth the goods, chattels, credits, and effects in his hands, and insisting upon an indebtedness of the defendant to him in a greater amount than the value of the property in his possession. This allegation the plaintiff denied, and a jury was thereupon summoned to try the issue between the parties, and a verdict and judgment rendered in favor of the plaintiff.

Upon the trial the counsel of Mason moved the court to instruct the jury that the answer of the garnishee under oath should be taken as true until it was disproved by the plaintiff. The bill of exceptions discloses this single fact, and states that the court overruled the instructions; which opinion was excepted to, and the case taken up by writ of error.

Mason *against* McCampbell.

TRAPNALL & COCKE, ASHLEY & WATKINS, for plaintiff in error:

The instruction moved for in this case was not a mere abstract question of law. The record shows it to have had a direct connection with the answer of Mason, the truth of which was then in issue without the forms of pleading before the jury.

To give the answer of a garnishee the best construction for the opposite party, is to put it on the same footing with the answer of a defendant in Chancery, or of a party to a bill of discovery. The plaintiff in the attachment by his own act calls upon the garnishee to disclose, and by the rule of equity makes that answer evidence. It is a hard rule then, and by reference to the authorities it will be seen to have been founded on extreme cases; to make one part of the answer of a garnishee or defendant to charge himself and be evidence against him, while another part of the answer, equally true, and which by explaining the whole transaction, tends to discharge him, is not admissable unless substantiated by other evidence.

But this rule of law is only applicable to cases where the party answering, admitting the facts in the bill, sets up other facts in defence or avoidance. The general rule of law is, that an answer responsive to the bill is proof in favor of the defendant, as to the matters of fact of which a disclosure is sought from him, and it is conclusive in his favor, unless it is overcome by the satisfactory testimony of two opposing witnesses, or of one witness corroborated by other circumstances and facts. 2 *Story Eq. Juris.*, 743–4; and according to the same authority, and all the authorities on this subject, a denial which is responsive to the bill, or matter to be discovered, is evidence in favor of the party answering and puts the opposite party upon disproving it.

But there is another rule of law applicable to this case: that a party who reads an answer (in a trial at law) makes the whole of it evidence, for it is read as the sense of the party himself, which must be taken entire and unbroken. 1. *Stark Ev.* 286 ; *Bac. Ab. Ev.* 622 ; *Lynch vs. Clark*, 3 *Salk*, 154. And when an answer in Chancery is given in evidence in a court of law, the party is entitled to have the whole of his answer read; it is to be received as *prima facie* evidence of the truth of the facts stated in it, open however, to be rebutted by

the opposite party. *Lawrence vs Ocean, Ins. Co.*, 11 *J. R.* 260; *Hoffman and others vs. Smith*, 1 *Caine's Rep.* 157.

There seems to be an exception to this rule, that where the answer charges the defendant by the admission of one fact, and also charges him by the statement of a distinct and further fact, the rule has been said to be, that what has been admitted need not to be proved by the plaintiff, but the defendant must make out his fact in discharge. But here again the distinction was taken, that if the admission and discharge had been one entire fact, it ought to have been admitted unless disproved, because nothing of the fact charged was admitted. 1 *Stark Ev.*, 286–7; *Woodcock vs. Bennett*, 1 *Cow. Rep.*, 743; *Hart vs. Ten Eyck*, 1 *C. R.*, 89, 93.

The answer of Mason is evidence, and that evidence shows that the instruction moved for was not an anstract question of law, but inseperably connected with the merits of the case; and that the refusal of the court to instruct was calculated to mislead the minds of the jury in making up their verdict, and prevented them from attaching that weight to the answer of Mason which it deserved.

It is contended that the court will presume every thing to have been proven which ought to have been proven to justify the finding of the jury. Such a presumption would be a little more violent, if this court would presume that such a fact, and all other necessary facts, were proven by two witnesses, instead of one, which it is necessary to do in order to weaken the conscientious answer of Mason.

PIKE, *Contra:*

The instruction moved for by the plaintiff in error in this case, was "that the answer of Mason should stand as true, until it was disproved."

This instruction was upon a mere abstract point of law. The plaintiff in error has not incorporated any evidence in his bill of exceptions; nor does the bill of exceptions show that Mason's answer was the only evidence in the case—and that no evidence was introduced to disprove it.

The rule, therefore, established by this court in *Edwards vs. Danly*, 1 *Ark.* 437; applies directly to this case. The court is now bound to presume that there was sufficient evidence produced to warrant the

Mason *against* McCampbell.

finding, and whether the instruction asked would have been correct or not, is a matter of no importance. The court will not, and in justice cannot, reverse any judgment because the court below erroneously refused to give a certain instruction; unless the plaintiff in error show that the instruction, if given, would have changed the result below. This he must show affirmatively. But here the court do not know that the instruction, if given, would have been of any avail, and are bound to presume that it would not.

Were it not so, the instruction asked for was entirely too broad, and and could not, consistently with law, be given. The plaintiff in error contends that the answer of a garnishee is like an answer to a bill for discovery. We are not aware of any particular difference between an answer to such a bill and to any other bill.

Justice STORY says, in *The United States vs. Langton and Trustees*, 5 *Mason*, 281, that the answers of a trustee (or garnishee) under the trustee process in attachment in Massachusetts, "are not to be more rigidly or *differently* construed from what they would be in a bill in Chancery."

What then is the effect of an answer in Chancery as evidence for the party who files it?

In *Bidgeway vs. Darwin*, 7 *Ves.*, 405, it was determined, that where an executor is charged by his answer with the receipt of money he cannot discharge himself by affidavit, of different sums paid by him to the testator in his life time.

In *Thompson vs. Lambe*, 7 *Ves.* 587, it is laid down as the rule, that where a party is charged by his answer, he cannot discharge himself, unless the whole is stated as one transaction—as, that on a particular day he received a sum and paid it over—not, that on a particular day he received a sum, and on a subsequent day paid it over.

So he must charge and discharge himself in the same sentence. *Kirkpatrick vs. Love, Ambler*, 589.

In *Robinson vs. Scotney*, 19 *Ves.*, 546, the defendant charged himself with the sum of £400, received by him after his testator's death, and then set up various debts due from the testator to himself, which left a balance in defendant's favor. The Master of the Rolls decided, that the plaintiff might lay his finger on the admission of the debt of

£400, and had nothing to do with defendant's allegation of a larger debt due him from the testator—and that the defendant, where he charges himself in one part of his answer, and sets up demands as credits in another part, must prove them. And the instance given by him, where a man can discharge himself by his answer, is, where he says that he received a sum, and immediately handed it over.

In *Boardman vs. Jackson*, 2 *Ball and Bea.* 385, Lord MANNERS said, "where a bill is filed, calling on a defendant to account, and the plaintiff is entitled to an answer, if the defendant set forth in the schedule to his answer an account, charging himself with sums of money, and in another schedule an account of the disbursements of those sums, he cannot, according to the practice of this court, avail himself of the second schedule to discharge himself in taking the account, although he would be charged on his admissions in the first schedule.

In *Randall vs. Phillips*, 3 *Mason*, 383, Justice STORY says, "so far as the answers in this cause set up new facts by way of *discharge* or avoidance of the matter of the bill, or allege separate and independent agreements, they are not evidence for the defendants; but all such allegations must be substantiated by proof *ali unde*. This is the general doctrine in equity, and is not now susceptible of any real doubt."

The same general rule is recognized in 2 *Story's Equity*, 745; *Briggs vs. Penneman*, 8 *Cowen*, 387; and *Woodcock vs. Bennett*, 1 *Cowen*, 744.

So in *Dunham vs. Jackson*, 6 *Wendell*, 30, the law was laid down to be, that "when an answer admits a distinct fact, which goes to charge the defendant, and alleges another, not responsive to the bill, by way of *discharge* or avoidance of that admitted, the latter is not established by the answer. If a guardian or trustee is called on to account, and in his answer admits a sum of money to have been received, and then *proceeds to show the appropriation* of it, what he says about the appropriation, unless that and the receipts of it can be regarded as parts of a single transaction, is not evidence in his favor." See also *Green vs. Hart*, 1 *J. R.*, 580; *Wells vs. Query, Lit. Sel. Cas.*, 210; *Paynes vs. Coles*, 1 *Mun.*, 373.

Mason *against* McCampbell.

LACY, *Judge*, delivered the opinion of the court:

It is impossible for this court to know whether the instructions were rightfully or wrongfully overruled, or what influence, if any, they might have had upon the verdict given.

The bill of exceptions does not state that the answer of Mason constitutes all the evidence produced upon the trial; and therefore we are bound to presume that the judgment and verdict of the court below was in accordance with the justice and right of the case.

It is certainly true that the answer of the garnishee is *prima facie* evidence of the truth of the allegations it contains. But these allegations may be rebutted or disproved by any other competent evidence. If there was no other evidence in the case, but the answer of the garnishee, it would then amount to full and conclusive proof of the facts it asserted. But if it was disproved, or the presumptions in its favor weakened or overthrown, all of which it is surely competent for the plaintiff to establish, then it would be entitled to no weight or consideration at all. In the present case, the court below may, and probably did refuse the instructions asked for, upon the ground that the garnishee's answer was disproved by other higher legal evidence adduced in support of the plaintiff's right of action. Be that however as it may, such is the legal presumption in favor of the verdict and judgment below, and of course we are bound by it. It was the duty of the party excepting, if there was no other evidence offered upon the trial, to have placed that fact upon the record, so that this court could judicially know whether the instructions asked for were properly or improperly refused. Having failed to do so, he cannot now take advantage of his own neglect or omission, and consequently the judgment of the court below must be affirmed with costs.