HIRAM W. FOLTZ, Administrator of Almon Leach, deceased, Appellant, *v.* THOMAS PROUSE, Appellee.

### APPEAL FROM JO DAVIESS.

Accruing rent descends to the heirs, and the administrator has no concern with it.
Where an administrator shows by his report that he has given an unauthorized preference to creditors in the payment of assets, it is sufficient to justify his removal.

THIS cause was tried before SHELDON, Judge, at May term, 1854, of the Jo Daviess Circuit Court.

On the 9th day of January, A. D. 1854, Thomas Prouse filed a petition in the Probate Court of Jo Daviess county, represent-

ing that he was a judgment creditor of the estate of Almon Leach, and that said Leach died about the 8th day of September, A. D. 1852, in the State of California, leaving real and personal estate in Jo Daviess county; and that Hiram W. Foltz, *representing himself as a creditor of said estate*, procured himself to be appointed administrator of said estate, while in truth said Foltz *was not a creditor of said estate, but was largely indebted to said estate*, and procured himself to be appointed administrator to enable himself to commit *various frauds and peculations* on said estate, and *to cover up and sequester the property of said estate*.

That said Foltz made a report, as such administrator, at the November term, A. D. 1853, that there were no assets except certain rents due from himself, and that he had paid out, in attorney's fees, the whole amount due from himself, which petitioner charges "*is untrue in principal and particular*," and that the reasonable use of the real estate occupied by Foltz each year amounted to more than the whole amount reported, and that the *pretended* payments, if any were made, was *in fraud of the rights of creditors*, and that defending said estate was done *to defraud bona fide creditors*.

That Leach left Galena for California about four years since, and left said Foltz in the possession of two certain shops and grounds on Franklin street, of the value of $1,800, the rent of which, each year, above the taxes, would be about one hundred and fifty dollars; that said property was encumbered by mortgage, to petitioner, for about $250, and said Leach was also indebted to one John Garner, in about the sum of one hundred and sixty dollars, and to John Carthew in the sum of sixteen dollars, which were *all of the debts remaining unpaid when said Leach left for California.*

That while Leach was in California, he became indebted to petitioner in the sum of $2,200, for which petitioner obtained judgment in California, and brought the record to Galena to enforce the payment of the same out of the property of Leach in Galena, and attached the premises in possession of Foltz, *and* on the death and administration aforesaid, DISMISSED said suit, and filed the same as a claim in this court against said estate, and had the same allowed on the 12th day of November, 1853, at $2,453, from which said Foltz, as administrator, appealed to the Circuit Court, and that on appeal petitioner recovered $2,360, all of which appear of record, and refers to records *where the same remains unsatisfied* and wholly unpaid.

Petition further states that John Garner obtained a judgment against said Leach by attachment against said lot on the 27th

day of August, A. D. 1852, for $212.12, and that said Foltz purchased said judgment from Garner *to carry out and perfect his fraud on the estate of which he was the administrator*, did not place the assignment of his judgment on record, but caused an execution to issue, and came in as a judgment creditor and claimed to redeem from a former sale to petitioner on the foreclosure of his mortgage, and that the brother-in-law of said Foltz purchased said property for $600, all of which is fraudulent and corrupt, and to the injury of creditors.

The petition sets forth that said Foltz, at the time of the purchase of the Garner judgment, was indebted to said estate greatly beyond the amount of the judgment, and that in purchasing said judgment Foltz used money that rightfully belonged to said estate, and that the redemption so made ought to have been made for all of the creditors, and that a sale should have been made by order of court, etc., and that the sale as made is fraudulent and void.

Petitioner says his claim was a bona fide debt, and was not, and could not be, successfully defended, and that this fact was well known to Foltz who employed counsel, *and appealed for delay only*, that the property might be purchased in for the use of Foltz ; that the design was to overreach and defeat Prouse's claim.

Petitioner further states that Foltz neglected the interests of said estate by not paying taxes, and that he purchased the lot at a tax sale, and attempted to acquire a tax title.

Prays that Foltz may be cited to appear and make a report of his doings, and that the redemption made by him may be taken as a redemption on behalf of the estate, and that the property be held as a part of the estate, and that the letters of administration may be revoked.

At the trial of said cause, the following evidence was introduced on the part of the plaintiff :

John Garner, being called as a witness for plaintiff, testified, that he knew lot number 14, on Franklin street, Galena, which belonged to Almon Leach at the date of his decease ; that Foltz, the defendant, had occupied said premises ever since Leach went to California, which was in 1849 or 1850 ; that said premises are worth about $1,800 ; that the rents of the same would be worth $150 per year during the time that said Foltz occupied the same ; that said Leach stated that he had let or leased said premises to said Foltz, which was just before Leach left for California ; that Foltz is not reported as responsible, though witness could not say what or how much he was worth ; that said Foltz has been carrying on business as a wagon maker— having a shop and carrying on business ever since 1850, in the

city of Galena ; that George McCully was the brother-in-law of Foltz ; that said McCully was considered as insolvent at the time he purchased said lot, under execution on the Garner judgment ; that he, with Foltz, attended the sale. It was also shown that said McCully was security for Foltz on his administrator's bond.

The plaintiff then introduced John Adams as a witness in the cause, who testified, that he knows lot 14 in question, which is worth about $1,800 ; and the rent of the same ought to be worth $150 per year ; that said Foltz has occupied said lot and premises ever since Almon Leach went to California, which he thinks was in 1850.

The plaintiff then offered A. C. Swan, the deputy clerk of the County Court, who testified that there was no inventory or appraisement bill now on file in the clerk's office of said court, of the personal or real estate in the estate of the said Almon Leach, deceased ; that he carefully examined the papers in said estate, and that the papers in said office are kept carefully by themselves.

It was then agreed and admitted by said parties, that said Foltz has occupied said lot 14 ever since the 1st day of September, 1849, to the commencement of this suit ; that he commenced said occupation under a written lease of same date, which said lease was admitted in evidence ; that the same bears date the 1st day of September, 1849, and is given for the term of two years, at the yearly rent of $50 per year.

That said Leach departed this life about the 8th day of September, A. D. 1852, as appears by petition of said Prouse ; that said Foltz took out letters of administration on *the 22nd day of November, A. D. 1852,* on said Leach's estate, which said letters are in the said record set forth and are in due form.

That *on the 23rd day of October, A. D.* 1852, said Foltz purchased and took an assignment of the John Garner judgment against said Almon Leach, deceased, which said judgment was recovered against said Leach in the Circuit Court of Jo Daviess county, on the 27th day of August, 1852, for the sum of $212.12, and costs of suit $11, which said assignment and transfer was duly executed by said John Garner.

That on the 14th day of October, A. D. 1853, said Foltz, under said judgment so assigned to him, redeemed said lot 14 from a sale thereof under a judgment in favor of said Thomas Prouse, and against said Almon Leach, deceased, which said last mentioned judgment was rendered against said Leach on the 11th day of May, 1852, in said Circuit Court of Jo Daviess county, for the sum of $257.90, together with costs.

That said Foltz paid to said Prouse the sum of $310, to redeem said premises.

That said lot was, on the 26th day of December, 1853, sold on said Garner judgment to one George McCully, for the sum of $600; and that said Foltz has filed two reports in the said county court in said Leach estate.

The first of said reports was filed at the November term of the Jo Daviess County Court, A. D. 1853, and sets forth that the same was made in pursuance of citation; that said Foltz, as such administrator, has received no personal chattels of any kind or nature, belonging to said estate, and that he has no personal knowledge of the existence of any, except rents due from himself to the said estate to the amount of $150, being a balance due to said estate for the use of two shops on Franklin street, in Galena, for the period of about four years and one and a half months, at $50 per year; and that said Foltz, under an order of said County Court, has paid out to Messrs. Higgins and Strother for counsel fees, etc., the sum of $150.

And as to the existence of any real estate, said report sets forth that said administrator has no knowledge of any whatever, or any interest therein belonging to said Leach's estate, except that said Almon Leach in his life time, to wit, in August, A. D. 1852, was the owner of said lot 14 on Franklin street, at Galena; that in said month of August, 1852, said lot was sold on execution in favor of said Prouse, and bid off by him for the amount of his said judgment, and that the said Foltz, as such administrator, had not, within the time allowed by law, sufficient funds of said estate of said Leach, to enable him to redeem the same.

The second of said reports, made to said County Court at the February term, A. D. 1854,

| | |
|---|---:|
| Shows the redemption of said lot 14, for | $313.82 |
| Under said Garner judgment, the issuing of a fi. fa. on said Garner judgment, which, exclusive of costs, amounts to | 229.08 |
| And the costs thereon, amounting to | 23.08 |
| Making against said Leach's estate the sum of | $565.98 |
| And showing the sale to McCully of said lot 14, for | 600.00 |
| Leaving in the hands of said Foltz, for said Leach's estate, | $34.02 |
| Besides rents to the amount of | 9.70 |
| Making | $43.72 |

Which said sum of $43.72 is subject to a set-off of $25 for taxes paid by said administrator on said lot 14, while the same belonged to said Leach.

Here a tax receipt, bearing date May 31, 1850, for $6.96, paid by Foltz, on said lot 14, was introduced.

Also a tax receipt, bearing date March 10th, 1851, for $6, paid by Foltz on said lot.

Also tax certificate, bearing date June 13th, 1853, showing purchase by said Foltz of said lot 14, for $16; also petition of said Prouse for report and to revoke letters of administration, etc.

Which were substantially all the evidence and papers and records offered in this cause, upon which the court decreed in substance as follows:

And on the 24th day of May, A. D. 1854, said court having considered and advised upon said cause, it was considered that so much of the order of said County Court as adjudges that the said letters of administration of said Hiram W. Foltz be revoked be affirmed, and that there was on the 14th day of October, 1853, on a just and full settlement in the hands of said administrator the sum of three hundred and thirty dollars and eighty-six cents belonging to said estate, which said sum is exclusive of, and without reference to, the redemption money paid to the sheriff for the redemption of lot 14, on Franklin street, which is in no way taken into consideration in making up the sum, the said administrator refusing to consent that it should be allowed as a credit of money paid for the benefit of said estate.

Which report and finding said Foltz by his counsel moved to have set aside, which said motion was then and there overruled, and said Foltz by his counsel excepted to the ruling of the court, and thereupon brings his appeal.

The errors assigned in this case are—

1st. The Circuit Court erred in affirming that part of the decree of the Probate Court which directed the revocation of the letters of administration granted to said Hiram W. Foltz.

2nd. Such finding of said Circuit Court was contrary to evidence.

3rd. Such finding was contrary to law.

4th. Said court erred in finding that there was due from plaintiff in error on the 14th of October, A. D. 1853, the sum of $330.86, to said estate of Leach.

5th. The court erred in refusing to set aside the order, finding and judgment, entered in this cause in the Probate Court.

HIGGINS, BECKWITH and STROTHER, for Plaintiff in Error.

M. Y. JOHNSON, for Defendant in Error.

SCATES, C. J. Foltz had a lease on a lot for two years, ending on the 1st September, 1851, at $50 a year. This lease had expired, at which time the rent became due, by the terms of the lease, deducting the taxes which he had or might pay. He, without any new agreement, or any thing being said or done by either party, held over, until the 8th day of September, 1852, one year and eight days, on a second, when the landlord, Leach, died. There was due, on the 1st September, 1852, one hundred and fifty dollars, for rent, less the taxes paid; and this amount, or the balance so due on settlement with Foltz, as tenant, became assets for the payment of debts. The rent was not due for the current year, from September, 1852, to September, 1853, for which time his lease continued at the former rent and terms, by holding over eight days, without objection from Leach. This accruing rent descended to Leach's heirs, on his death, as a chattel real; and with it the administrator has no concern any more than the land in the mean time. *Green* v. *Massie, Ex'r,* 13 Ill. R. 364; *Baker* v. *Root,* 4 McLean R. 572; *Jaques et al.* v. *Gould et al.,* 4 Cush. R. 386; *Abeel* v. *Ratcliff,* 15 John. R. 506; *Jackson ex dem. Wood* v. *Selmon,* 4 Wend. R. 327 ; *Diller* v. *Roberts,* 13 Serg. and Raw. R. 62.

In taxing the account with Foltz, as administrator of Leach, the County Court found a balance due from him, as such administrator, of $365.04. The Circuit Court reduced this, and found a balance of $330.86. We are not able to reach or fix upon either sum, from the evidence in the record. Were we to state an account upon the evidence in the record, and under the principles we here sanction as law, we could only find as assets, the three years' rent, to 1st September, 1852, at $50 per annum, subject to a deduction of $28.96, paid for taxes, as agreed in the lease he should do ; leaving a balance of only $121.04.

I can only conjecture that the Circuit and County Courts arrived at their results by taking into account subsequent rents, and also the sums paid on redemption, &c., from the mortgage sale, and the sum bid at the second sale, under the Garner judgment. I need not stop to verify or state the account upon this supposition. It is sufficient to remark, only, that under this petition, neither the County Court, nor the Circuit Court, on appeal from it, had any jurisdiction of these transactions ; either of the subsequent rents, the redemption from the first, its sale under the second judgment, or the proceeds of that sale. That is a case between the several judgment creditors, purchasers and Leach's heirs ; and its jurisdiction belongs to the Circuit Court, either at law or in chancery. The County Court may grant an order to sell to pay debts, upon a proper case presented by the administrator ; but it is only of such lands as belong to decedent, and without

the power or jurisdiction to investigate and decree titles, in the manner contemplated by, and done in, the orders before us. If relief be sought upon such a state of facts as is shadowed forth here, I presume a bill in equity is the proper course.

The order of amotion of the administrator will be affirmed. Of that, the County Court clearly had jurisdiction, for the causes specified in the order. We are no further able to judge of the sufficiency of the proofs than they are set forth in the record. The administrator's report claims a credit for a payment, by order of the County Court, to Higgins and Strother, of a counsel fee of $150; but no such order is shown. The claim may have been allowed, and stood for payment, *pro rata*, with other claims; an order of classification and preference is quite another thing. No such order appears, and consequently, the administrator shows, by his own report, an unauthorized preference in payment to these creditors.

It may be said—but the proofs here do not show it—that this payment to Higgins and Strother was made by him as debtor tenant, at the request of Leach, and that he is entitled to set off that payment in settlement of the rent. If this were so, it should have been proven. In the absence of such proof the order of amotion is right.

Judgment reversed and cause remanded for further proceedings, not inconsistent with this opinion.

*Judgment reversed.*