THE EMPIRE CAR-ROOFING COMPANY

*v.*

SILAS N. MACEY.

*Filed at Ottawa November 14, 1885.*

1. ATTACHMENT—*judgment upon constructive service—as to amount.* In a suit by attachment, even where there is no personal service or appearance by the defendant, the court may, upon satisfactory proof, enter a judgment in favor of the plaintiff for the sum claimed in the affidavit for the writ, and accruing interest.

2. GARNISHMENT—*how far a garnishee may question the judgment against the attachment debtor.* In the case of garnishment in a proceeding by attachment, if the judgment against the defendant in attachment is void, it may be attacked by the garnishee; but if the court had jurisdiction, its errors and irregularities can only be called in question by the defendant in the original attachment proceeding. The errors in the rendition of that judgment are matters which do not concern the garnishee.

3. SAME—*of the pleadings.* Where the garnishee in his answer admits an indebtedness from him to the original debtor, but sets up special matter in defence, it is not necessary for the attaching creditor to file a replication specifically denying the matters set up, to defeat a recovery against him. It is sufficient to file a general replication that the garnishee has not truly answered and disclosed. The statute dispenses with the formality of special pleading.

4. SAME—*answer of garnishee not under oath—as evidence.* Where a garnishee has answered under oath admitting his indebtedness, and afterward, in answer to further interrogatories, sets up new matter in avoidance of his liability, not under oath, the answers not under oath are not evidence to prove the facts therein stated.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

This suit was brought in attachment by Silas N. Macey, surviving partner of Macey & Brown, for the use of Miss Eva Brown, against the St. Louis Galvanizing Company. The affidavit for the writ stated the indebtedness to be "in the sum of at least $2500," upon a balance of an account for goods sold, etc. Judgment by default was rendered against that company for $2693.75.

The interrogatories to the appellant, the garnishee, were in the usual form, as to money and property of the defendant in the hands and custody of, or owing by, the garnishee, and in addition there was a series of questions in regard to the existence, terms and conditions of a contract between the defendant and the garnishee. To the several answers the plaintiff filed a general replication, as follows: "And now comes said plaintiff, who sues for the use, etc., and says that the said Empire Car-Roofing Company hath not, either in its original or additional answers filed herein, truly discovered the lands, tenements, goods, chattels, moneys, choses in action, credits and effects of the said St. Louis Galvanizing Company, and the value thereof, in its possession, custody or charge, or from it due and owing at the time of the service

of the writ herein, or at any time after, or which shall thereafter become due to the said St. Louis Galvanizing Company, and this he prays may be inquired into pursuant to the statute in such case made and provided."

Messrs. G. W. & J. T. KRETZINGER, for the appellant:

The St. Louis Galvanizing Company not being personally served, and not appearing, the judgment against it could exceed the amount stated in the affidavit for the attachment. *Rowley* v. *Berrian*, 12 Ill. 198; *Hichins* v. *Lyon*, 35 id. 150.

The garnishee has the right to inquire into the validity of the proceeding when the court does not acquire jurisdiction over the person of the defendant in attachment by personal service or appearance. *Pierce* v. *Carleton*, 12 Ill. 358.

A contingent liability is not subject to garnishment. Waples on Attachment and Garnishment, 366; *Wilder* v. *Shea*, 3 Bush, 128; *Thorp* v. *Preston*, 42 Mich. 511; *Mayor* v. *Potomac Ins. Co.* 58 Tenn. 296; *Bishop* v. *Young*, 17 Wis. 46; *Webber* v. *Doran*, 70 Maine, 140.

The answer of a garnishee, until contradicted or disproved, must be considered as true. *Railroad Co.* v. *Killenberg*, 82 Ill. 295; *Lashear* v. *White*, 88 id. 43; *Pierce* v. *Carleton*, 12 id. 365; *Holton* v. *Railway Co.* 50 Mo. 151.

The burden of proof to charge a garnishee is on the plaintiff. *Farwell, etc. Co.* v. *Howard, etc. Co.* 26 Iowa, 385.

Even if the plaintiff had denied the new matter or affirmative defences relied upon in the answers, no testimony was offered by the plaintiff to controvert the answers, and therefore the garnishee should have been discharged. *Morse* v. *Marshall*, 22 Iowa, 290; *Wilhelmi* v. *Haffner*, 52 Ill. 222; *Hewett* v. *Wager Lumber Co.* 38 Mich. 705.

The answers of the garnishee disclose the fact that the St. Louis Galvanizing Company ceased to exist as a corporation long before this suit was brought, and that the contract between the garnishee and the St. Louis Galvanizing Com-

pany had been assigned and transferred before such dissolution occurred, by the galvanizing company to Macey & Brown, and by Macey & Brown to one A. R. Brown. These averments were not denied or their contradiction by testimony attempted, and therefore the answer in this regard is conclusive, which made it impossible for the court to enter a valid judgment against the galvanizing company or against the garnishee. *Holton* v. *Railway Co.* 50 Mo. 151; *Fay* v. *Sears*, 111 Mass. 156; *Sexton* v. *Amos*, 39 Mich. 698; *McNiell* v. *Roache*, 49 Miss. 442; *Wilhelmi* v. *Haffner*, 52 Ill. 223; *First National Bank of Clinton* v. *Bright*, 126 Mass. 537; *Northam* v. *Cartright & Co.* 10 R. I. 20.

Mr. E. A. OTIS, for the appellee:

Judgment for the amount named in the affidavit, with accruing interest, is proper. *Rowley* v. *Berrien*, 12 Ill. 202; *Tunison* v. *Field*, 21 id. 107; *Forsythe* v. *Warren*, 62 id. 68.

In the absence of a bill of exceptions giving the evidence, it will be presumed the evidence authorized the allowance of interest. *Miner* v. *Phillips*, 42 Ill. 123; *Henry* v. *Holloway*, 78 id. 356; *Motsinger* v. *Coleman*, 16 id. 71.

The garnishee has no right to question the amount of the judgment against the original defendant. His right in that regard is limited to the question of jurisdiction. *Pierce* v. *Carleton*, 12 Ill. 358.

When the answer of a garnishee is sufficient to charge him, he must show enough to discharge himself. *McCoy* v. *Williams*, 1 Gilm. 584; *Crain* v. *Gould*, 46 Ill. 293.

When the garnishee claims that the moneys of the judgment debtor are affected by a trust, the *onus* is on him to show the trust, and this can not be shown by a deed of assignment made out of the State, and not shown to be valid anywhere. Waples on Attachment, 377; *Frank* v. *Frank*, 6 Mo. App. 589.

If the garnishee alleges an assignment of the debt he owes, he must show its good faith. *Wilhelmi* v. *Haffner*, 52 Ill. 222.

Per CURIAM: This action was an original attachment in the circuit court of Cook county, brought by Silas N. Macey, surviving partner of the firm of Macey & Brown, against the St. Louis Galvanizing Company, a corporation organized under the laws of Missouri. The appellant, the Empire Car-Roofing Company, was summoned as garnishee. On the 2d day of October, 1884, a judgment by default was rendered against the St. Louis Galvanizing Company, for $2593, the amount sworn to be due in the affidavit for the attachment, with interest from the date of the affidavit until the day judgment was entered. The St. Louis Galvanizing Company never excepted to this judgment. The evidence upon which it was rendered was not preserved by bill of exceptions, and the judgment remains in full force in the circuit court, where it was rendered. After the recovery of the judgment, interrogatories were filed by appellee, and answered by the garnishee under oath. At a later date additional interrogatories were filed, and answered by the garnishee, but not under oath. An issue was formed by filing replication to the answers of the garnishee, denying that the garnishee had truly discovered the lands, tenements, goods, chattels, moneys, choses in action, credits and effects of the defendant in attachment, which denial is in the language of section 7, chapter 62, of the Revised Statutes of 1874. A jury was waived, and a trial had before the court, resulting in a judgment against the garnishee for $1499.50. To reverse this judgment the garnishee appealed to the Appellate Court, where the judgment was affirmed, and not being satisfied with the decision, the garnishee has appealed to this court.

This record presents no questions of great importance except questions of fact, which have been eliminated from the record and finally settled by the judgment of affirmance in the Appellate Court.

It is claimed that the court had no power to enter a judgment against the defendant in the attachment suit for a larger

sum than was shown to be due by the affidavit filed for the attachment. The judgment was for the amount stated in the affidavit, with accruing interest. In attachment cases, where there is no appearance by the defendant, the court may, upon satisfactory proof, enter a judgment for the plaintiff for the amount claimed in the affidavit, and accruing interest. *Rowley* v. *Berrian*, 12 Ill. 198, is in point on this question.

It is contended that it is the right and duty of the garnishee to inquire into the validity and regularity of the proceedings in the attachment case. If the proceedings are void, they may be attacked by the garnishee; but if the court had jurisdiction, its errors and irregularities can only be called in question by the defendant in the original attachment, in a direct proceeding. (*Pierce* v. *Carleton*, 12 Ill. 358.) Here the court had jurisdiction, and the judgment was not void, and if errors intervened, they can not be inquired into by the appellant, who was a garnishee in the circuit court.

It is also said that no evidence was offered or considered by the court as to the amount due from the galvanizing company to Macy & Brown on the account sued upon in the original attachment, and that the original judgment was unauthorized. What the evidence may have been the record does not disclose. Whether it was sufficient or insufficient, or whether errors intervened, are matters which do not concern this appellant. The galvanizing company, and it alone, is interested in the irregularities, if such occurred, in the rendition of the original judgment. As said before, if the court had jurisdiction, which it had, its errors can not be inquired into on an appeal brought by the garnishee.

Much has been said in the argument in regard to the weight and character of the evidence upon which the court rendered judgment against the garnishee. These were proper considerations to be addressed to the Appellate Court, but they can not be considered here.

Certain matters of defence were relied upon by appellant, and set up in answer to the interrogatories, as affirmative defences, so-called; and it is claimed that these matters of defence were not denied or traversed by the replications, and as no proof was offered to contradict them, the answers should be taken as true. It appears from the evidence, that the indebtedness from the garnishee to the St. Louis Galvanizing Company arose upon a written contract between the two parties, dated December 2, 1879, under which the latter sold to the former its interest and title in certain letters patent for improvements in car roofs, for which a certain sum was paid down, and the Empire Car-Roofing Company agreed to pay in addition one dollar for each iron car roof it should sell thereafter, until ten thousand five hundred were sold. It seems from the record, that on the 28th day of June, 1883, appellee filed certain interrogatories to be answered by the garnishee, which were answered, under oath, on the 16th day of July. The answer discloses a certain sum due the defendant company at the time of the service of the writ. On the 18th day of September following, appellee filed additional interrogatories, and on the 8th day of October the garnishee filed an answer, but not under oath, admitting that since its former answer an additional sum has become due to the galvanizing company for roofs sold by it. The garnishee also sets up in the answer that the St. Louis Galvanizing Company, the defendant in attachment, has been dissolved, and does not exist as a corporation; that the garnishee is informed and believes another corporation or person claims an interest in the patent conveyed to it by the galvanizing company, and until this adverse interest is settled, the garnishee is entitled to hold the balance due on the contract, for protection as against damages and costs that may occur on the settlement of the claim, etc. On the 10th day of September, 1884, additional interrogatories were filed, and answered on the same day, but not under oath. To the answer to each set of interrogatories

the appellee replied as follows: "And now comes said plaintiff, who sues for the use of said Eva Brown herein, and says that the said Empire Car-Roofing Company hath not, either in its original or additional answers filed herein, truly discovered the lands, tenements, goods, chattels, moneys, choses in action, credits and effects of the said St. Louis Galvanizing Company, and the value thereof, in its possession, custody or charge, or from it due and owing at the time of the service of the writ herein, or at any time after, or which thereafter shall become due to the said St. Louis Galvanizing Company; and this he prays may be inquired into pursuant to the statute in such case made and provided." This replication, it is insisted, is not a denial of the facts set up in the answers of the garnishee upon which it relies to avoid the payment of the amount due upon the contract made with the defendant in the attachment, and hence it is claimed that the matters set up in avoidance are to be taken as true.

As we understand the statute, it was not necessary to file a replication specifically denying the matters set up in the answer, upon which the garnishee relied to defeat the appellee's action. Section 7, chapter 62, of the Revised Statutes of 1874, is the only section of the statute that has any bearing upon the question of forming an issue in such cases, and the replication filed is in the language of that section of the statute, and all that the statute seems to require. And where such a denial of the answer is filed, the statute declares that the cause shall be tried without the formality of pleading. Under this section of the statute special pleading seems to be dispensed with, and it is only necessary for the plaintiff to file a reply to the answers, alleging that the garnishee has not truly discovered the lands, etc., in the language of the statute, of the defendant in the original attachment. It will be observed that section 5 of the same statute requires the answer of the garnishee to be under oath. In the second and third answers of the garnishee, in which it set up the matters

in avoidance, this requirement of the statute was not observed, and we are not aware of any authority which holds·that an answer not under oath can be used as evidence to prove the facts therein set up.   In either view there is no ground for holding that the matters of defence set up by the garnishee entitled it to a judgment.

Other questions have been raised and discussed in the argument, but they pertain to matters of fact which do not arise here.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*