WALKER *v*. WALKER.

Opinion delivered April 4, 1921.

1.   EXEMPTIONS—HUSBAND'S LIABILITY FOR WIFE'S ATTORNEY'S FEE.—
     A husband's liability for attorney's fee of his wife in a divorce
     suit is statutory (*Crawford & Moses' Dig.*, § 3506), and not a
     "debt by contract," within Const., art. 9, § 1, exempting person-
     alty of an unmarried person, as against "debts by contract."

2.   EXEMPTIONS—WAGES OF LABORERS.—*Crawford & Moses' Digest,*
     § 3506, exempting the wages of laborers and mechanics for sixty

days from seizure by garnishment or other legal process, was intended to limit the right of exemption to debts by contract, as provided by Const., art. 9, § 1.

Appeal from Howard Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

### STATEMENT OF FACTS.

On the 4th day of May, 1920, Laura Walker obtained a decree of divorce and a judgment for the sum of $25 for attorney's fee, and $6.75 costs of suit against Rube Walker. Subsequently in the same chancery court she caused a writ of garnishment to be issued against the Missouri Pacific Railroad Company, to collect said sums.

Rube Walker filed a schedule, claiming the amount owed him by the Missouri Pacific Railroad Co., together with all the other property owned by him did not exceed $200. He further stated that he was an unmarried man, a resident of Arkansas, and that the amount owed him by said railroad company was the wages due him by said company for the preceding sixty days. He claimed that the railroad company owed him the sum of $44.50.

The court disallowed his claim of exemptions and quashed the writ of supersedeas which had been issued by the clerk. To reverse that decree, Rube Walker has prosecuted this appeal.

*D. B. Sain,* for appellant.

The court erred in disallowing the claim of exemption. The time wages of appellant, a laborer, are exempt from seizure by garnishment or other legal process. Act November 27, 1875; 52 Ark. 91. The statute is remedial and should be liberally construed in favor of the debtor. 38 Ark. 112. There is no authority by statute or common law authorizing a garnishment based on a decree of the chancery court.

*A. F. Auer,* for appellee.

The Constitution only allows the right of exemption to debts by contract, and the allowance of attroney's fees to a wife in a divorce case is purely statutory and

not founded on contract. 84 Ark. 187; 122 *Id.* 579; 33 *Id.* 688; 184 S. W. 64. There is no merit in the appeal.

HART, J. (after stating the facts). Section 3506 of Crawford & Moses' Digest provides that during the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and executions and proceedings as in cases of contempt.

In *Kincheloe* v. *Merriman,* 54 Ark. 557, the court, in referring to this statute, said that an allowance under it was in the sound discretion of the court, and, before the court would make the allowance, the wife must show merit.

The court further held that in this State an attorney can not recover against the husband in an action at law for services rendered the wife in a suit for divorce. The reason given was that prosecuting or defending a suit for divorce has no relation to her protection as a wife. The liability is therefore purely statutory, and is not a debt by contract within the meaning of article 9, section 1 of the Constitution of 1874, which provides, in effect, that the personal property of any resident of this State, who is not married, in specific articles to be selected by such resident, not exceeding in value the sum of $200, in addition to his wearing apparel, shall be exempt from seizure on attachment or sale on execution or other process from any court, issued for the collection of any debt by contract.

It will be noticed that, although marriage is a civil contract, yet the allowance in favor of the wife for attorney's fee against her husband is, under the authority cited above, statutory and is not founded upon a contract, express or implied, within the meaning of the Constitution.

But counsel for appellant claims that the exemption should have been allowed under section 5546 of Crawford & Moses' Digest relating to the exemption of time wages of laborers. The section, in substance, prescribes

that the wages of all laborers and mechanics, not exceeding their wages for sixty days, shall hereafter be exempt from seizure by garnishment, or other legal process, provided that the defendant in any case shall file with the court from which such process shall be issued, a sworn statement that the sixty days' wages claimed to be exempt, is less than the amount exempt to him under the Constitution of the State, and that he does not own sufficient other personal property, which, together with the said sixty days' wages, would exceed in amount the limits of said constitutional exemption.

In *Porter* v. *Navin,* 52 Ark. 352, in construing this section, the court held that the right to claim the exemption is limited to persons entitled to the exemption under the Constitution, and does not extend to nonresidents. The court said that the statute only gave the laborer the right to claim as exempt wages which are less than the value of the personal property exempt to him under the Constitution, and thus manifests the intent to limit the right of exemption to those entitled to exemption under the Constitution.

As we have already seen, the Constitution only gives the right of exemption to debts by contract, and the allowance for attorney's fees to the wife in a divorce proceeding is purely statutory and not founded on contract.

Therefore, the court properly disallowed the claim of Rube Walker for exemption, and the decree will be affirmed.