C. A. REES & COMPANY *v.* PACE.

Opinion delivered January 15, 1923.

1. APPEAL AND ERROR—BRINGING ORAL TESTIMONY FOR REVIEW.—To bring evidence taken *ore tenus* in an equity suit before the Supreme Court for consideration, it may be included in a bill of exceptions approved by the court or agreed to by the parties or made a part of the record by having it taken down in writing, in open court and by permission filed with the papers in the case or by having it reduced to writing and embodied as a recit-

al in the decree, or the method provided by Crawford & Moses' Dig., § 1269, should be followed.

2. APPEAL AND ERROR—BRINGING ORAL TESTIMONY FOR REVIEW.— Inserting purporteed testimony in the transcript under a certificate of identification from a stenographer not designated or appointed by the court to take, transcribe and file the evidence was not sufficient to bring oral testimony into the record.

3. APPEAL AND ERROR—ABSENCE OF TESTIMONY.—The Supreme Court cannot determine issues on their merits where the testimony has not been properly preserved and incorporated in the record.

4. TRIAL—TRANSFER OF CAUSE.—As the fund sought to be subjected in equity to a subcontractor's debt against the contractor in a road improvement district could not be reached by a suit at law, and was only available in a proceeding known as an equitable garnishment, it was not error to refuse to transfer the suit to the circuit court.

5. GARNISHMENT—BOND.—The bond required by Crawford & Moses' Dig., § 4906, providing that where garnishment is issued before judgment plaintiff must give bond in double the amount for which the garnishment is issued, applies only to garnishment proceedings prosecuted thereunder, and has no application to an equitable garnishment.

Appeal from Little River Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*A. D. DuLaney,* for appellant.

*Johnson & Shaver,* for appellee.

HUMPHREYS, J. Appellee instituted this suit against appellants in the chancery court of Little River County to recover an alleged balance of $5,378.06 for work done by him as a subcontractor of appellants in Road Improvement District No. 7, in said county. Judgment was prayed against appellants, and an equitable garnishment against Road District No. 7.

Appellants filed an answer denying the allegations of the bill.

The cause was submitted to the court upon the pleadings, exhibits thereto, and the depositions of H. K. Pace, Luther Carson, R. R. Cox, Joe Jackson, and Fred Latham, taken orally before the court. The aforesaid testimony, taken *ore tenus* before the court, was not

brought into the record by a bill of exceptions approved by the court or agreed to by the parties or their attorneys, nor was it made a part of the record by having it taken down in writing in open court and by permission filed with the papers in the case, nor by having it reduced to writing and embodied as a recital in the decree. One of said methods should have been adopted, or else the method provided by the Practice Act of 1915 (Crawford & Moses' Digest, § 1269) should have been followed, in order to bring the evidence before the Supreme Court for consideration *de novo. Fletcher* v. *Simpson,* 144 Ark. 436; *Desha Road Improvement District No. 2* v. *Stroud,* 153 Ark. 587. The method adopted was to insert the purported testimony in the transcript, under a certificate of identification from a stenographer not designated or appointed by the court at the beginning of the trial to take, transcribe, and file the evidence. This was not sufficient to bring the oral testimony into the record. *Blackford* v. *Gibson,* 144 Ark. 240.

Appellee insists that this court cannot determine the issues upon their merits, because the testimony has not been properly preserved and incorporated in the record. The contention of appellee is correct, and must be sustained under the rules of practice announced in the cases cited above.

Appellants contend, however, that reversible error appearing upon the face of the record was committed by the trial court in overruling their motion to transfer the cause to the circuit court, and to require appellee to file a bond under § 4906 of Crawford & Moses' Digest.

Under the allegations of the bill, Cobb and Junkins, operating as partners under the firm name of Rees & Company, were nonresidents, insolvent, and without any property in the State, except an amount due them by said Road District No. 7, a public corporation, for constructing a road; that said Rees & Company were the principal contractors and appellee their subcontractor; that the work done by said appellee was for the special benefit of said road district.

The fund herein sought to be subjected to appellees' alleged debt against the contractor could not be reache: by a suit at law. It was only available in an equitable proceeding known and characterized as an equitable garnishment. *Riggin v. Hillard,* 56 Ark. 476; *Plumber v. School District No. 1 of Marianna,* 90 Ark. 236; *Sallee v. Bank of Corning,* 134 Ark. 109; *Bayou Meto Drainage District v. Chapline,* 143 Ark. 446; *Hayes-Thomas Grain Co. v. Wilcox Contracting Co.,* 144 Ark. 621; *Henslee v. Mobley,* 148 Ark. 181; *Road Improvement District No. 4 v. Southern Trust Co.,* 152 Ark. 422.

The bond required by § 4906 of Crawford & Moses' Digest has no application to a proceeding of this character. It only applies to proceedings prosecuted under said statute.

No error appearing on the face of the record, the decree is affirmed.