MABRY *v.* MANNEY.

4-3653

Opinion delivered January 14, 1935.

James E. Hogue and Henry J. Burney, for appellant.

Owens & Ehrman and E. L. McHaney, Jr., for appellees.

MEHAFFY, J. This action was begun on November 29, 1932, in the Pulaski Chancery Court by the appellant, J. W. Mabry, against M. P. Manney, R. W. Caldwell and Black & White Stores, Inc. The appellant alleged that on January 11, 1929, he obtained a judgment in the circuit court of Pulaski County, Arkansas, against the defendants, M. P. Manney and R. W. Caldwell, for damages in the sum of $2,000, which judgment was rendered in an action for a tort in the negligent killing of appellant's son; that no part of said judgment had been paid, and that the defendants so concealed their property that nothing can be found upon which to levy an execution; that the defendant M. P. Manney was one of the original incorporators of the Black & White Stores, Inc., which corporation runs and operates a line of high-class grocery stores in the city of Little Rock, and is apparently doing an extensive and prosperous business; that at the time of the incorporation, the said M. P. Manney owned 50 shares of the corporation's non-par value stock, and that he is now a stockholder, director and officer of said corporation, and for many years has been in the employ of the corporation as manager of its stores; that said Manney is a director and officer of said corporation, and that the amount of his salary is kept a secret from the public and from the appellant, and that when the corporation is garnished as his debtor, it always answers that

Manney has anticipated his salary, and is actually in debt to the corporation, so that proceedings by garnishment have been unavailing; that said Manney has failed, since the rendition of said judgment, to make any assessment of his property, and is keeping his property under cover so that it cannot be reached by execution.

There was a prayer for discovery and for an answer and statement as to the stock and its value that had been issued to Manney; that they be required to answer what salary is due Manney, what interest he has in the corporation; and that Black & White Stores be enjoined from paying any further salary to Manney.

On February 14, 1933, separate answer was filed by Manney, in which he denied all the material alegations of the complaint. Separate answer was filed by Black & White Stores on February 14, 1933, in which it stated that Manney was the owner of 11 shares of stock of the value of $10 per share, and that the corporation did not owe Manney, but he owed it $275.

Affidavit was filed by attorney for appellant, asking for an order requiring Black & White Stores to produce books and records for examination at the hearing, which petition was granted by the court.

On October 3, 1933, appellant filed an amendment to his complaint, alleging that he had caused executions to be issued against appellee Manney, upon the judgment sued on, and said executions were returned unsatisfied. There were three executions returned unsatisfied, and the fourth execution was not returned, but appeared to have been lost.

On October 18, 1933, the appellee, Black & White Stores, filed separate answer to the amended complaint. There was an intervention filed on December 26, 1934, in which Fred A. Isgrig, who was attorney for Mabry and secured the judgment for $2,000, asked judgment for $1,000. The court, after hearing the evidence, entered a decree in favor of the Black & White Stores and dismissed appellant's complaint as to Black & White Stores. The case is here on appeal.

The fact that appellant obtained a judgment *in tort* against appellee M. P. Manney for $2,000 on January 11,

1929, is not disputed, and no claim is made that any part of said judgment has been paid. There is no dispute about several separate executions having been served and returned unsatisfied. One execution was levied on household goods, which Manney's wife claimed to own, and Manney stated in his answer that he had no property of any sort except the shares of stock in the Black & White Stores and his wearing apparel.

V. S. O'Neal, deputy circuit clerk, testified as to the executions having been issued on the judgment, which he testified was for $2,000, and that the executions were returned unsatisfied.

The appellant, Mabry, testified that no part of the judgment sued on had ever been paid.

E. O. Hicks, cashier of Black & White Stores, Inc., testified that Manney had 11 shares of preferred stock and 11 shares of common stock in the Black & White Stores; that the corporation held no other property belonging to Manney; that Manney was vice-president and general manager of the corporation; and since the filing of the suit in this case Manney had been in the employ of the corporation as general manager at a salary of $85 a week; that the corporation never had any contract with Manney, and that Manney was an employee of the corporation at will; Manney worked the same way since the filing of the suit, and the corporation had been paying him ever since that time; Manney owed the corporation $275 when witness appeared in court before, and owed the corporation $300 now; the corporation did not pay Manney his salary of $85 each week, but had been advancing him cash whenever he needed it, or any time he wanted it; that Manney had been earning $85 a week since the suit was filed, and the corporation had been advancing it to him; Manney anticipated his salary all along and kept in debt to the corporation a little bit all the time; Manney was employed by the board of directors at a salary of $85 a week without any definite period of employment, and the corporation paid him his wages as they accrued from week to week, and advanced him a little money from time to time: other employees re-

ceived advancements, so that it was not unusual as to Manney.

This suit was brought under § 4366 of Crawford & Moses' Digest, which is § 473 of the Civil Code. Section 474 of the Civil Code is 4368 of Crawford & Moses' Digest, and reads as follows: "The answers of all the defendants shall be verified by their own oath, and not by that of an agent or attorney, and the court shall enforce full and explicit discoveries in such answers by attachment."

This section in the Civil Code follows immediately after the section providing for suit for recovery, and it is plain from reading this last section that it has reference only to § 4366. In Crawford & Moses' Digest, for some reason, there is a section between the two, but in the Code and in the other digests of the laws of Arkansas, § 4368 not only follows immediately § 4366, but does not refer to any other pleading except that mentioned in § 4366. See Crawford's Civil Code, pages 368-369. This statute was taken from the Civil Code of Kentucky. *Morgan Utilities, Inc.,* v. *Perry County,* 183 Ark. 542, 37 S. W. (2d) 74.

The statutes on garnishment and attachments have no application, and the only statutes involved in this case at all are §§ 4366 and 4368 of Crawford & Moses' Digest. *C. A. Rees & Co.* v. *Pace,* 156 Ark. 473, 246 S. W. 491.

Appellees contend that, because the answer of appellees was not excepted to or denied, no issue was joined, and it is contended that the answer is taken as true. This might be true, if the appellees in their answers, had complied with § 4368 of Crawford & Moses' Digest. That section, as will be noticed, expressly provides, not only that the answers shall be verified, but it provides that they must be verified by their own oath, and not by that of an agent or attorney. No attempt was made to comply with this statute, and, since it is a positive requirement, the answers were defective, and appellant was not required to except to or deny the allegations in the answers.

"It will be observed that § 5 of the same statute requires the answer of the garnishee to be under oath. In

the second and third answers of the garnishee, in which it set up the matters in avoidance, this requirement of the statute was not observed, and we are not aware of any authority which holds that an answer not under oath can be used as evidence to prove the facts therein set up. In either view, there is no ground for holding that the matters of defense set up by the garnishee entitled it to a judgment." *Empire Car Roofing Co.* v. *Macey,* 115 Ill. 390, 3 N. E. 417; *Oliver* v. *Chi. & Aurora Rd. Co.,* 17 Ill. 487; *Simplex Mach. Co.* v. *Greenberg & Bond Co.,* 22 Ga. App. 68, 95 S. E. 530.

The appellee Manney not only did not swear to his answer, but he did not testify in the case. He was the vice-president and manager of the corporation. Hicks, the cashier of the corporation, testified that, after the suit was brought, they paid Manney his salary of $85 a week right along; sometimes made advances to him. It is true he said that Manney was always indebted to the corporation, but the record shows that he was indebted in the sum of $275, for which his stock was pledged as security, and, instead of taking the money to pay the indebtedness, according to the records in this case, the corporation continued to pay him his salary of $85 a week after the suit was brought.

Appellees call attention to the case of *Beasley* v. *Haney,* 95 Ark. 568, 132 S. W. 646. That case, however, is discussing garnishments under the statute, and, as we have already said, the statutes on garnishment have no application here. In the Beasley case interrogatories were filed and separate answers were filed to the allegations and to the interrogatories. The plaintiff in that case did not file any denial to or pleading traversing the answers of the garnishees. The court said that the garnishees did not waive this requirement. The court also said that the remedy was purely statutory, and, being in derogation of the common law, the statutes were strictly construed.

The statutes construed in the Beasley case, *supra,* provide that, if the plaintiff deems the answer untrue or insufficient, he may deny such answer, and cause his denial to be entered on the record. There is no such re-

quirement in a proceeding under § 4366 of Crawford & Moses' Digest, the section under which this suit was brought.

The next case referred to by appellees, *Foster* v. *Singer,* 69 Wis. 392, 34 N. W. 395, was a case under the Wisconsin statute, and the court said that it had no idea that the statute intended to include in the language "to become due," a debt which might possibly become due upon the performance of a contract by the defendant in attachment. That was a proceeding under the attachment laws of Wisconsin, and the court was merely construing the statute. It has no application to this case. It was also shown in that case that the contract was by the month, and that the laborer was not entitled to anything unless he worked the entire month.

Numerous other cases are cited and relied on by appellee but they are construing State statutes, and are not applicable here.

There is conflict in the authorities as to whether an equitable garnishment like we have here will entitle the plaintiff in the action to recover up to the time the answer is filed, or up to the time of trial. We think the better rule is to permit a recovery only up to the time the garnishee files answer. If there is thereafter an indebtedness of the garnishee to the original debtor, the plaintiff may have another garnishment. Moreover, we think that the decisions of our own court are to the effect that any amount due up to the time the answer is filed may be recovered.

The evidence is undisputed that the corporation was paying Manney $85 a week and continued to do this from the time of the service of the summons to the day answer was filed. The suit was brought and summons served on November 29, 1932. Answer was filed on February 14, 1933. There were two days in November, 31 in December, 31 in January and 14 in February, after the service of the summons, and before the answer was filed. This makes a total of 78 days. Not counting the first day, the corporation had paid, after the service of the summons, wages to Manney for 77 days. At $85 a week, this amounted to $935. The appellant is entitled to a judg-

ment against the garnishee for this amount, and, the original judgment being *in tort,* Manney is not entitled to any exemptions. *Walker* v. *Walker,* 148 Ark. 170, 229 S. W. 11.

The decree of the chancery court will be reversed, and the cause remanded with directions to enter a decree in favor of appellant against Black & White Stores, Inc., for $935.

It is so ordered.

SMITH, J., dissents.

McHANEY, J., concurs in judgment.