## BRITT VS. BRADSHAW.

In a judicial garnishment the plaintiff filed, among others, a special allegation, that the garnishee was indebted to the judgment debtor in a certain amount due to him as his late guardian, in a settlement and confirmation of accounts in the Probate Court, and propounded a special interrogatory whether he did not owe the sum, "and if so, was the same, or how much thereof, unpaid:" the garnishee answered that long before the service of the writ, he had settled up, and paid over all moneys, credits and effects due by him to the judgment debtor: *Held*, 1. That the answer, being responsive to the interrogatory, was evidence to establish payment, until rebutted: 2d. That as the issue was not, whether the garnishee had owed the sum found due upon the settlement, but whether it had been paid, the record of the Probate Court showing the settlement and confirmation of the guardian's account, was not evidence to prove the issue.

*Appeal from the Circuit Court of Sevier county.*

Hon. ABNER A. STITH, Circuit Judge.

S. H. HEMPSTEAD for the appellant.

Mr. Justice SCOTT delivered the opinion of the Court.

The appellant having a judgment at law against John H. Bradshaw, sued out a garnishment against the appellee. It was regularly served, and at the return term the appellant filed general allegations of indebtedness against the garnishee, and also a special allegation: " that at the time of the service of the writ, the garnishee was indebted to the said John H., in the sum of one hundred and thirty dollars, as a balance due by him to the said John H., as his late guardian, and on a settlement between them in the Court of Probate for Sevier county confirmed therein on the 31st day of October, A. D. 1855, as will more fully and at large appear by the records thereof now remaining in said Court, a duly authenticated copy whereof is

now here in Court to be produced," etc.—and thereupon propounds two general interrogatories, and a special one as to whether he did not owe the before mentioned one hundred and thirty dollars—" and if so, was the same, or how much thereof, unpaid at the time of the service of the writ," etc.

To these the garnishee interposes a general denial, and concludes in the following terms to wit: "that long before the service of said writ, he had fully settled up and paid over all moneys, credits and effects due by him to said John H. as his late guardian, and having fully answered," etc. The plaintiff took issue to the answer, which was submitted to a jury, who returned their verdict for the garnishee, and the judgment of the Court was accordingly; from which the plaintiff appealed to this Court.

It appears by a bill of exceptions, that when the issues were before the jury, the plaintiff offered in evidence a transcript from the records of the Probate Court, showing such a settlement between the late guardian and ward, with the balance of $130 in favor of the guardian, as was specially alleged. The settlement had been filed in the Probate Court at a term previous to that in which it was confirmed, after the usual notice preceding such confirmation, of which the ward, who was alledged to be thus indebted in this balance, must be presumed to be cognizant.

Such a record was admissible in evidence, upon any issue to which it would be relevant, against the ward, upon the principle that it was a *solemn admission of his* of the indebtedness which it claimed against him, and of which he was notified, and called on to dispute, if not well founded; otherwise, the settlement as filed would be confirmed by the Court as correct.

And it was available to a third party as well as between the late guardian and his ward. "As where two had been sued as partners, and had suffered judgment by default, the record was held competent evidence of an admission of the partnership in a subsequent action brought by a third party against them as partners. (1 *Greenl. Ev.*, sec. 527, *a*, *citing Cragin vs. Carleton*, 8 *Shepley R.* 492.)

But upon the record before us, before that evidence was offered, the issue as to the indebtedness, which it went to establish, was closed by a new one which had admitted it upon the record, and sought to avoid it by the allegation of payment of that particular indebtedness.    And thus the admission of indebtedness, which that evidence went to establish, was superseded by a new admission of the same party to the same effect upon this record.    And it had no tendency to prove a general indebtness separate from the special one alleged, as the case is presented by the pleadings.    Upon the allegations, interrogatories and the answers thereto, there was a *prima facie* case made for the garnishee, (*Means vs. McCampbell,* 2 *Ark. R.* 511,) not only that he was not indebted to the defendant, but that he had paid him the particular debt due to him as the late guardian of the garnishee, which was specially alleged, and about which he was specially interrogated.    The plaintiff was not content to stop with alleging this particular debt to be owing from the garnishee to the defendant, and interrogating the garnishee as to whether or not he did owe as alleged; but went beyond this and interrogated him as to whether or not he had paid this particular debt.    And when the garnishee answered as he did, that he had paid it, his answer being responsive to the interrogatory as to payment, was evidence to establish the payment until rebutted.    The answer by the garnishee, that he had paid this debt, was a solemn admission that he had originally owed it, as the plaintiff had alleged, just as a plea of payment admits the debt, which it undertakes to avoid by setting up the payment.    But in this case, as the answer as to the payment was responsive to the interrogatory as to payment, it not only as a pleading avoided the admitted indebtedness by setting up the payment, but also as evidence proved the payment thus set up. The plaintiff having thus, by his interrogatory as to payment, made the defendant's answer evidence as to that matter, must abide by it unless rebutted by other sufficient evidence.    The evidence which he offered, and which the Court rejected, had no tendency to rebut the payment of the debt which had been thus proven by this responsive evidence; but went only to show

that it had once existed—a fact which, as we have seen, was fully admitted upon this record by the setting up of its payment. If it had been read, it could have established nothing more than what was already fully admitted, *to wit*, the indebtedness of $130 to the garnishee's late guardian, and had no tendency to rebut the payment thus established until overturned by contrary evidence.

Although, then, the evidence offered would have been admissible upon an issue as to whether there was such an indebtedness as was alleged, its exclusion, when no other evidence was offered in connection with it, upon an issue that had admitted that, and was as to whether the admitted indebtedness had been paid or not, which was beyond it, could in no way injure the party.

The Court below, no doubt regarding the matter in this light, committed no error in refusing to permit this irrelevant evidence to be read, which would have but incumbered the record.

The judgment will be affirmed.