## BENDER VS. BRIDGE ET AL.

It is within the sound discretion of the Circuit Court, on the application of the plain-
tiff, to extend the time prescribed by the statute for filing the allegations and inter-
rogatories in a judicial garnishment, as held in *Lawrence vs. Sturdivent*, (5 *Eng.*
133.)
But it is error to take judgment by default where the allegations and interrogatories
have been filed after the time prescribed, without cause shown, or the special leave
of the Court extending the time to file them.

*Writ of error to the Circuit Court of Pulaski county.*

The Hon. JOHN J. CLENDENIN, Circuit Judge.

WATKINS & GALLAGHER, for the plaintiff, made the point,
among others, that the allegations and interrogatories were
not filed in time. *Dig. ch.* 78, *sec.* 3.

BERTRAND, for the defendant, as to the point that the allega-
tions and interrogatories were not filed in time, relied upon the
case of *Lawrence vs. Sturdivent,* 5 *Eng.* 133.

Mr. Justice HANLY delivered the opinion of the Court.

On the 4th day of April, 1856, the defendants in error caused
a writ of garnishment to be issued by the clerk of the Pulaski
Circuit Court, against the plaintiff in error, in the usual form,
returnable to the June term of the Court next after its date, re-
citing that, on the 5th December, 1854, they had recovered a
judgment in the same Court against one Dyer for the sum of
$492 08 for their debt, and also the sum of $4 92 damages, to-
gether with costs expended in the suit, reciting in said writ that
the judgment remained in the Court unreversed and unsatisfied
at the date of the issuance of the writ of garnishment in this

behalf, and reciting further therein that the plaintiff in error had, in his hands and possession, goods and chattels, moneys, credits and effects belonging to their judgment debtor, Dyer.

On the 24th June, 1856, and at the June term of the Pulaski Circuit Court, next after the date of the issuance of the writ of garnishment in this cause, the defendants in error by their attorneys filed their allegations and interrogatories against the garnishee, Bender, in substance as follows:

" That the said Bender *is largely indebted* to the said Dyer, against whom the said plaintiffs (below) on the 5th day of December, 1854, in this Honorable Court, obtained judgment for the sum of $492 08 for their debt, and $4 92 for their damages, together with costs, and thereupon here propound to the said defendant, Bender, the following interrogatories: 1. Were you not, at the date of the service of the writ herein, indebted to the said Dyer, (judgment debtor,) or the wife of the said Dyer? If yea, state the amount and character of any such indebtedness and when due. And if to the wife, state how and in what manner you became so indebted, and when due, and whether the indebtedness in this case to the said plaintiffs was not created and made by and for the use of the wife of the said Dyer; and whether, if so indebted to her, your indebtedness did not arise out of the sale to you by her of the identical goods, or some of them, purchased by the said Dyer from the said plaintiffs?

" 2d. State whether you have not, since the service of said writ, become indebted to said Dyer? If yea, state the character and amount of any such indebtedness, and when due.

" 3d. State what goods and chattels, or effects, if any, were in your custody or possession belonging to said Dyer."

On the 27th June, 1856, and at the same term of the Court at which the allegations and interrogatories as above were filed, the plaintiff in error, Bender, having failed to appear and answer the garnishment, was defaulted, and on that day the Court below rendered judgment against him by default, in favor of the defendants in error, for the sum of $543, "being the residue

of the said judgment specified in the said writ, unpaid, and all the costs in this behalf expended.

Bender brought error, upon which the cause is now depending in this Court.

Sundry errors have been assigned and relied on by the plaintiff in error as grounds upon which he maintains that the judgment rendered in this cause must be reversed. But inasmuch as it is our opinion that the judgment must be reversed upon one of the more prominent grounds assigned, we do not conceive it important that we should pass upon or notice those of minor consequence. We shall, therefore, omit to state them.

1. It appears from the transcript of the record before us, that the allegations and interrogatories were not filed in the Court below until the 24th of June, 1856, and on reference to the calendar of the year 1856, it also appears that the June term of the Pulaski Circuit Court for that year, commencing on the 4th Monday in June, 1856, was begun on the 23d day of June. It is insisted by the counsel for the plaintiff in error, that the filing of those allegations and interrogatories on the 24th June, the day succeeding the day on which the term commenced next after suing out the writ in this cause, was too late for the filing of those allegations and interrogatories, under the statute in such case, without special leave of the Court granted for that purpose, and that, consequently, the judgment taken by default, under such circumstances, is unwarranted by the law, and is, therefore, erroneous.

Our statute on the subject requires the plaintiff, on or before the return day of the writ of garnishment issued in conformity to its provisions, to prepare and file all the allegations and interrogatories in writing, with the clerk issuing the writ, upon which he may desire to obtain the answer of such garnishee, touching the goods, chattels, moneys, credits and effects of the defendant, and the value thereof, in his hands and possession at the time of the service of such writ, or at any time thereafter. See *Dig.* ch. 78, *sec.* 3, *pp.* 559–560. As held in *Moreland et al. vs. Pelham*, 2 *Eng. R.* 338, the allegations and interrogatories authorized under this statute may be filed at any

time between the suing out the writ and its return day, and that they need not be filed in open Court, and that their filing need not appear of record.

On a former occasion it was held, in *Wilson vs. Phillips*, 5*th Ark. R.* 183, that though the statute on attachments provides that judgment shall go against a garnishee for the full amount found against the original defendant, on his failure to answer the interrogatories filed within the time prescribed by the statute, still the discretionary power of the Court to grant longer time for answering on proper cause shown, is neither abolished, abridged or impaired.

And again, in a case subsequent to either of the foregoing, *Lawrence vs. Sturdivant*, 5 *Eng. R.* 133, the Court say that "the language of the statute, though imperative in its terms, in respect to the filing of the allegations and interrogatories, and also the answer of the garnishee, must, of necessity, confer upon the Court a sound legal discretion over the whole matter; and to enable it, upon good cause shown by either party, to extend the time, within such limits as not materially to affect the legal rights of either."

These, we think, are plain and incontrovertible propositions. But the case before us does not fall within the letter of the rule laid down in either of the cases to which we have referred. In this case, no request was made of the Court below for the extension of the time prescribed by the statute, within which the defendants in error were required to file their allegations and interrogatories. No extension of the time was, therefore, granted by the Court. On the day following, without special leave, these allegations and interrogatories were filed, and because they were not answered, on or before the fourth day of the term, by the plaintiff in error, he was defaulted, and a judgment by default rendered against him. Whilst we are willing to adopt the rule adopted by this Court in the cases already adverted to, we are unwilling to extend it so as to make a judgment thus obtained regular and valid. To do so, might lead to the great prejudice of garnishees, as well as their irre-

parable injury in many instances. We, therefore, hold in this case that, in consequence of the defendants in error having fail-. ed to obtain special leave of the Court, on the return day of the writ of garnishment, to file the allegations and interrogatories at a subsequent time, and there being no affirmative evidence on the record that any showing was made at the time the allegations and interrogatories were filed, or that the Court specially authorized their being filed at the time they purport to have been, that the judgment by default rendered against the plaintiff in error became, in consequence thereof, irregular and erroneous; and for which cause, it should be, and is, hereby, reversed, and the cause remanded to the Court below with instructions to the Court to permit the allegations and interrogatories to remain of record, and require the appellant to answer them on a sufficient showing to be made by the appellees as to why they did not file them on or before the return day of the writ, as required by law.

Absent, Hon. C. C. SCOTT.