## HEAD V. COLE AND ANOTHER.

Decided November 15, 1890.

*Negotiable paper—Innocent purchaser—Prior garnishment.*

> A *bona fide* purchaser of a negotiable instrument for value and before maturity takes it freed from any lien previously obtained in a garnishment proceeding against a prior owner thereof.

APPEAL from *Yell* Circuit Court, Dardanelle District.

G. S. CUNNINGHAM, Judge.

*W. D. Jacoway* for appellant.

1. The maker of a negotiable note should not be charged as garnishee of the payee, unless it be affirmatively shown that before the rendition of the judgment the note had become due, and was then still the property of the payee. Dan., Neg. Inst. (3d ed.), sec. 800 *a;* Drake, Att. (5th ed.), sec. 582 *et seq.;* 31 Ark., 20.

2. Parties making payments on notes should insist on the presentment of the paper, and see that the payments are endorsed, and make sure the note has not passed to a *bona fide* holder for value. 2 Dan., Neg. Inst. (3d ed.), sec. 1227.

3. The evidence shows that appellant purchased the note before maturity and without notice; and the verdict is not sustained by the evidence, and a new trial should be granted. 34 Ark., 632.

*Hall & Harrison* for appellees.

HEMINGWAY, J. The appellant sued the appellees on a promissory note, whereby they promised, for value, to pay W. W. Hacker or bearer one hundred and fifty dollars four months after the date thereof.

The appellees sought to defeat the recovery on a plea

that they had paid to W. W. Hacker, the payee therein, fifty dollars, and that a judgment had been rendered by a court of competent jurisdiction against them as garnishees of Hacker for the balance of the note. The payment set up was made, and the garnishment proceeding instituted, before the maturity of the note. The appellant acquired the note for value and before its maturity, without notice of either of the matters pleaded by the appellees. The case was tried by a jury, and verdict rendered for appellees. On motion of the appellant, the court set the verdict aside.

The cause was re-tried, and a second verdict rendered for appellees, which the court declined to disturb. We are asked to reverse the judgment, as unsupported by the evidence. The payment to the original payee was obviously no defense, for there was no proof, nor even a circumstance to arouse a suspicion, that appellant purchased with any knowledge of that payment.

Negotiable paper—Innocent purchaser—Prior garnishment. The effect of the garnishment proceeding on the rights of appellant involves a question not heretofore determined by this court. There is proof on which the jury might have found that the garnishment was served while the note belonged to the payee, the defendant in the garnishment proceeding. We will determine the question as if that were a fact; and, in the view we take of it, the fact is immaterial. Although the payee held this note, it was not due; and, as no steps were taken to impound it, he was able to transfer it with all the evidences of ownership and authority; and a purchaser took it with no notice of the garnishment, but with the apparent guaranty usually attendant upon a transfer of commercial paper. The protection to purchasers of such paper would be destroyed, if their rights were affected by procedings against any or all of the prior parties, of which they had no notice. Where it appears that the garnishee is a debtor on commercial paper given to or held by the defendant, the court should decline to render any judgment against

the garnishee unless it first compels the delivery of the paper into court, or until the paper matures and it is made to appear that the defendant still holds it. That is to say, the court should protect the garnishee against the danger of paying a debt twice, without destroying the essential properties of commercial paper, which we are confident the legislature never intended to impair by the enactment in reference to garnishments. These views are sustained by a current of authority, uniform so far as we are advised. Tied. on Com. Paper, sec. 251, p. 415; Dan., Neg. Inst., sec. 800 *a*, and cases cited.

The only doubt we have felt in the disposition of the case has been as to the time when the appellant acquired the note. He fixes the date of the purchase at a time more than a month before its maturity. The person who transferred it to him fixes the time several months after its maturity, but also several months after this suit was brought. In that he was evidently mistaken, and, as the suit was brought soon after the note matured, we are satisfied that this discrepancy in dates is due to an inadvertent mistake of the witness, if it does not arise from an error in drafting or copying his deposition. There being no evidence sufficient to disprove that appellant acquired the note before maturity for value and without notice of the defenses set up, we conclude that the verdict is unsupported. It is a hardship that the appellees twice pay a debt if such be the case; they might have averted the hardship by care and prudence. They should not have made payments on the note without seeing a credit endorsed on it which purchasers could see, and if the court improperly rendered judgment against them as garnishees, they might have appealed.

For the error above indicated, the judgment will be reversed, and the cause remanded for a new trial.