## BEASLEY *v.* HANEY.

### Opinion delivered November 28, 1910.

1.  GARNISHMENT.—CONSTRUCTION OF STATUTE.—As garnishment statutes are in derogation of the common law, garnishment proceedings must pursue the provisions of the statute strictly. (Page 570.)

2.  SAME—CONCLUSIVENESS OF GARNISHEE'S ANSWER.—The answer of a garnishee must be taken as *prima facie* true; and if not contradicted, or if no issue is taken thereon, it will be presumed to be absolutely true. (Page 571.)

3.  SAME—PLEADINGS AND PROCEDURE.—The pleadings in a garnishment proceeding and the mode of trial thereof are governed by the same rules that apply to the pleadings and trials in other cases. (Page 571.)

4.  PLEADINGS—OBJECT.—The object of pleadings is to apprise each party of what is admitted and what he is required to establish by testimony. (Page 571.)

5. GARNISHMENTS—PLEADINGS.—In a garnishment proceeding in the circuit court, the plaintiff's denial of the garnishee's answer is a pleading, and cannot be oral. (Page 571.)

Appeal from Benton Circuit Court; *J. S. Maples*, Judge; reversed.

*L. A. Byrne*, for appellant.

1. It was error to include several garnishees in one writ without alleging a joint liability or indebtedness. 17 Ark. 364; 37 Ark. 478.

2. It was error to proceed to trial and judgment without first an issue being raised as to the allegations in the answers of the garnishees, and notice thereof given to them. Kirby's Digest, § 3700; 19 Ark. 241; 48 Ark. 349; 67 Ark. 347.

FRAUENTHAL, J. This is an appeal from a judgment entered against the appellants upon a writ of garnishment sued out upon a judgment which had been previously recovered in favor of appellee and against one W. C. Taylor. On April 7, 1908, appellee recovered judgment against said defendant in the Benton Circuit Court; and thereafter he filed in that court a complaint in which he alleged that H. V. Beasley, one of the appellants, and other parties were severally indebted to the defendant, and therein also propounded interrogatories to be answered by said garnishees. A writ of garnishment was thereupon issued in the usual form, and therein all said parties were summoned as garnishees, but it was stated in said writ that it was alleged that the said parties were severally indebted to the defendant. Upon the return day of said writ each of said parties filed separate answers to the allegations and interrogatories. Thereafter the appellee obtained leave of the court to file an amended complaint in which additional allegations were made against said Beasley, who subsequently filed his answer thereto. At the same time the appellee was by the court allowed to file an amendment to the original complaint in which allegations were made against and interrogatories propounded to the appellant Mrs. W. C. Taylor, and thereupon a writ of garnishment was issued against and served upon her, and later she filed an answer thereto. At a term of the Benton Circuit Court subsequent to the time of the filing of the answer of Mrs. Taylor, and at a day of the term of said court sub-

sequent to the filing of the answer of Beasley, said court discharged all the parties, garnishees, upon their answers, except said Beasley and Mrs. Taylor. As to them the judgment states that "the plaintiff entered his denial to the separate answer of H. V. Beasley and the separate answer of Mrs. W. C. Taylor, and caused his denial to be entered on the record," and thereupon the court, sitting as a jury, proceeded to try the matters or causes of garnishment against said two garnishees, and rendered judgments against them for the amount of the original judgment which had been obtained against the defendant. It appears that at the time of said trial neither of said garnishees was present, nor was either of them notified that any denial had been made to the said answers. It appears further that the plaintiff did not file any written denial of the answers, nor did he file any written pleading traversing any of the allegations or denials set out in the separate answers of said garnishees.

From the judgment thus rendered against them the said garnishees have appealed by suing out a writ of error from this court.

The controlling question involved in this case is whether or not the lower court committed error in proceeding to a trial of the garnishments before the plaintiff had filed any written denial to or pleading traversing the answers of the garnishees. The garnishees did not waive this requirement, if it was necessary, nor did they consent to a trial without it being complied with, because neither of them was present at the time, but the trial was had and judgment entered against them wholly in their absence and without their knowledge. The remedy given by garnishment is purely statutory in its nature. As is said in the case of *Trowbridge* v. *Means,* 5 Ark. 135, "such statutes are all in derogation of the common law, and have generally received a strict construction." To make the same effective, it is necessary that the proceeding by garnishment be pursued according to the provisions of the statute. 9 Enc. Plead. & Prac. 809; Rood on Garnishment, § 352.

It is provided by our statute that a judgment creditor may sue out a writ of garnishment against any person who, he has reason to believe, is indebted to or who has in his possession goods and chattels, moneys, credits and effects belonging to the

defendant. Kirby's Digest, § 3694. By section 3699 of Kirby's Digest it is provided that: "Such garnishee shall on the return day named in such writ exhibit and file under his oath full, direct and true answers to all such allegations and interrogatories as may be exhibited against him by the plaintiff."

After the garnishee has filed his answer the plaintiff must either except to or deny the allegations thereof. The answer of the garnishee is taken as *prima facie* true of the allegations it contains; and if it is not contradicted or if issue is not taken thereon, it will be presumed to be absolutely true. *Mason* v. *McCampbell,* 2 Ark. 506; *Britt* v. *Bradshaw,* 18 Ark. 530; Rood on Garnishment, § 313; 9 Enc. Plead. & Prac. 842; 20 Cyc. 1090. If, therefore, there is no denial or traverse of the allegations of the answer of the garnishee, he is entitled to be discharged; and there can be no issue joined thereon upon which a trial can be had until such denial is made by the plaintiff in the manner prescribed by the statute, unless the requirement is waived by the garnishee.

By section 3700 of Kirby's Digest it is provided that: "If the garnishee shall file his answer to the interrogatories exhibited, and the plaintiff shall deem such answers untrue or insufficient, he may deny such answer and cause his denial to be entered on the record; and the court or justice, if neither party require a jury, shall proceed to try the facts put in issue by the answer of the garnishee and the denial of the plaintiff." The pleadings in these garnishment proceedings and the mode of trial thereof are governed by the same rules that apply to the pleadings and trials in other cases. *Walker* v. *Bradley,* 2 Ark. 578; 9 Enc., Plead. & Prac. 844.

Under our Code all pleadings in the circuit court must be written, unless waived by the parties. By section 6085 of Kirby's Digest it is provided that: "The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses." The purpose of the pleadings is to arrive at the exact issue between the parties. Their rights require that the one party should set forth the facts upon which he bases his claim, and that the other should show the facts upon which he relies to defeat such claim. The object is to apprise each party of what is admitted and what he is required to establish by testimony. *Tyner* v. *Hays,* 37 Ark. 599; *Hecht* v.

*Caughron,* 46 Ark. 132; *Harvey* v. *Douglass,* 73 Ark. 221. When the garnishee files his answer, he therein alleges the facts and sets forth the denials upon which he bases his right to be discharged. And if the plaintiff desires to make an issue thereon he is required to file his denial, in which he must show what allegations of the answer he traverses and the facts upon which he relies to defeat the right of the garnishee to a discharge. The denial which the statute provides that the plaintiff must make to the answer of the garnishee is therefore a pleading, and, if the proceedings are pending in the circuit court, that pleading must be written. Thus in the case of *Rosewater* v. *Schwab Clothing Co.,* 58 Ark. 446, an intervener filed his intervention for certain property which was attached under the proceedings in that case. It was therein held that it was necessary for the plaintiff to file an answer to such intervention, and that the answer could not properly be an oral one. And it was further held that it was error for the court to proceed to trial without requiring a written answer to the intervention. And so, in a garnishment proceeding in the circuit court, the denial by the plaintiff of the answer of the garnishee is a pleading, and can not properly be an oral one. In the case at bar the answers of the garnishees were not properly denied; and the court erred in permitting an oral denial thereof. In the absence of a written traverse of the answers of the garnishees there were no issues thereon joined for trial, and the court was in error in proceedings to a trial thereof before the issues were properly made. Upon this cause being remanded, the court may permit the plaintiff to file such pleadings as he may desire to make to the answers of the garnishees. *Lawrence* v. *Sturdivent,* 10 Ark. 133; *Bender* v. *Bridge,* 18 Ark. 593.

There are other errors assigned by appellants why the judgment should be reversed, but we do not think that their contention as to any of them is correct.

The judgments are reversed, and the causes remanded for a new trial.