KNAPP v. GRAY.

Opinion delivered April 10, 1922.

1. VENDOR AND PURCHASER—EVIDENCE.—In a suit by a vendor on a contract which made the purchaser's agreement to buy land dependent upon the purchaser's selling other land to a third party, defendant having denied having made such sale, a judgment rendered in favor of the purchaser's broker for his commission in procuring such sale was competent on the question whether the purchaser had sold such other land.

2. EVIDENCE—EXPLANATION OF JUDGMENT.—In a vendor's action against a purchaser for breach of a contract whereby the purchaser's agreement to buy the land was to depend on his selling other land to a third party where the purchaser denied having sold the other land, upon proof of a judgment against the purchaser in favor of his broker for commission for procuring such sale being introduced, it was competent to prove that the purchaser assented to the judgment, not because the sale had been effected, but to prevent the inconvenience and expense of litigation.

3. GARNISHMENT—AGAINST MAKER OF NOTE.—In a garnishment proceeding against the maker of a note payable to the defendant, the court erred in rendering a personal judgment against the maker without impounding the note or requiring proof that it was non-negotiable.

4. GARNISHMENT—CONCLUSIVENESS OF GARNISHEE'S ANSWER.—The answer of a garnishee, not traversed, must be presumed to be true.

Appeal from Franklin Chancery Court, Ozark District; *J. V. Bourland,* Chancellor; reversed in part.

*Partain & Carter,* for appellants.

The attachment should not have been sustained. C. & M. Digest, sec. 570.

Judgment should not have been rendered against the garnishee. 96 Ark. 568; 53 Ark. 523. The court should have permitted proof of interpleader's ownership of the attached property. 47 Ark. 111; 114 S. W. 621; 154 S. W. 81; 63 Ark. 289; 120 S. W. 920; 119 S. W. 899; 114 S. W. 172; 153 S. W. 304; 71 Am. St. Rep. 50; 119 Am. St. Rep. 581.

A judgment or decree is conclusive only between parties to an action or their privies. 64 Ark. 330; 64 Ark. 447; 87 Ark. 418; 150 S. W. 397; 35 Ark. 450.

*Willard Pendergrass* and *Evans & Evans,* for appellee.

HUMPHREYS, J. The issues in this case as finally made up by the pleadings presented the questions: First, whether appellees, W. H. Gray and Laura Gray, were entitled to a personal judgment against appellant I. J. Knapp in the sum of $8,967.66, and a decree declaring a lien and for a foreclosure of same against about 280 acres of land in section 35, township 10 north, range 26 west, in the Ozark district of Franklin County, Arkansas; second, whether judgment should have been rendered against L. S. Swepston on a writ of garnishment issued in the foreclosure proceeding; third, whether the attachment issued in the foreclosure proceeding, directed to the sheriff of Crittenden County and levied upon the east half of the northeast quarter of section 28, township 7 north, range 7 east, should be sustained; and fourth, whether Isa D. Knapp should recover the lands in Crittenden County on her interplea.

The cause was submitted to the chancery court upon the pleadings and evidence, which resulted in the rendition of a personal judgment in favor of appellees W. H. and Laura Gray against I. J. Knapp for the amount claimed and a decree declaring a lien upon and a foreclosure and order of sale against the lands in Franklin County. Also the rendition of a personal judgment against L. S. Swepston upon the writ of garnishment in the sum of $1,200, and a decree sustaining the attachment on the Crittenden County land for the payment of any deficiency judgment that might exist after the sale of the Franklin County lands.

The record reflects that on the 9th day of February, 1920, appellee W. H. Gray, acting for himself and his wife, Laura Gray, entered into a written contract with appellant, I. J. Knapp, conditionally selling the Franklin

County land to the said Knapp. The condition incorporated in the written contract was that it should become binding and effective on the said Knapp if he could complete an executory sale of his Crittenden County lands to L. S. Swepston. The sale of the Crittenden County lands to Swepston depended upon whether the title thereto could be perfected and whether payment of certain mortgages existing upon the lands could be arranged. Thereupon W. H. Gray and I. J. Knapp proceeded to Crittenden County, where they arranged with the Crittenden County Bank & Trust Company to remit to W. H. Gray the major portion of $5,400 when L. S. Swepston should make the first payment on the Crittenden County lands. Thereafter I. J. Knapp took possession of the Franklin County lands and managed and controlled them. Subsequently I. J. Knapp paid W. H. Gray $350 upon the purchase price of the Franklin County lands. The receipt recites that it was a payment on the contract. Knapp explained that it was paid to enable Gray to purchase another place, and without intention to waive the condition in the written contract. Later on I. J. Knapp and L. S. Swepston canceled their executory contract for the sale and purchase of the Crittenden County lands, and entered into a lease contract with an option on the part of L. S. Swepston to purchase it for the same consideration at a fixed future time. This option on the part of Swepston was never exercised. The rental contract provided that Swepston should pay $200 to an attorney and $1,200 to I. J. and Isa D. Knapp. The $1,200 note was executed to them jointly. The title to the Crittenden County lands was in the name of I. J. and Isa D. Knapp, his wife, appearing as an estate in entirety on the face of the deed. Isa D. Knapp interpleaded for the land on the ground that it was her individual property, and in the course of the trial offered to prove that the lands were purchased with her individual money, and that the name of I. J. Knapp was inserted through mistake and not for the purpose of creating an estate by the entirety.

This evidence was excluded by the court, over the objection and exception of appellant Isa D. Knapp.

L. S. Swepston filed an answer to the writ of garnishment, in which he admitted executing a note for $1,200, due and payable on the first day of January, 1921, for the rent of the lands in Crittenden County, payable to I. J. Knapp and his wife, Isa D. Knapp, and stating that he did not know whether the said I. J. Knapp and Isa D. Knapp were the legal holders of said note, and therefore prayed that the court require the surrender of the note before rendering judgment on the writ of garnishment, which answer was sworn to and filed on the 8th day of July, 1920. Judgment was rendered against Swepston for the amount of the note, over his objection and exception, without proof that the note was non-negotiable or requiring the production of same.

The alleged grounds for the issuance of the attachment were that "said defendant Knapp has sold, conveyed or otherwise disposed of his property, or suffered or permitted it to be sold with the fraudulent intent to cheat, hinder or delay his creditors; and that said defendant Knapp is about to sell, convey or otherwise dispose of his property with such intent." The grounds for the attachment were controverted under oath. No proof was introduced tending to show that. I. J. Knapp had sold or was about to sell and dispose of his property with the fraudulent intent to cheat, hinder and delay his creditors in the collection of their debts.

In the course of the trial appellee was permitted to introduce in evidence, over the objection and exception of appellant I. J. Knapp, the pleadings and judgment for $300 in the case of F. K. Lashbrook *v.* I. J. Knapp and Isa D. Knapp. This was a compromise judgment for commissions for selling the Crittenden County property for the Knapps to L. S. Swepston. I. J. Knapp offered to explain that he consented to the judgment, not because the sale had been effected through the instrumentality of Lashbrook, but simply to prevent the

inconvenience and expense of further litigation. The court excluded this explanation, over the objection and exception of appellants. The evidence was in sharp conflict and quite close as to whether I. J. Knapp waived the condition in the written contract for the sale and purchase of the Franklin County lands. There is some direct evidence and many circumstances tending to show that he agreed to take the Franklin County lands, whether he completed the sale of his Crittenden County lands to Swepston or not. The chancellor made two distinct findings in his decree, one to the effect that Knapp agreed to take the Franklin County lands whether he sold the Crittenden County lands or not, and another to the effect that there was no failure on the part of Knapp to close the sale of the Crittenden County land. The latter finding seems to have been based largely upon the judgment and decree in favor of Lashbrook against the Knapps for the commission, indicating that the judgment conclusively established the fact that there was a completed sale. It was competent to introduce the Lashbrook judgment as a circumstance tending to show that there was a completed sale of the Crittenden County land, but it was clearly error to exclude the explanation offered concerning that judgment. The Lashbrook judgment, in connection with the explanation erroneously excluded by the court, did not conclusively establish a completed sale, nor do we think it and the other evidence in the case, which we have carefully examined, was sufficient to sustain the finding of the chancellor to the effect that the sale of the Crittenden County land to Swepston was effected or concluded. While we are convinced that the trial court erred in finding that there was no failure on the part of I. J. Knapp to close the sale of the Crittenden County land, we are not convinced that the court was in error in finding that Knapp agreed to take the Franklin County lands irrespective of whether the sale to Knapp was consummated. We do not think the finding in this regard was clearly contrary to the weight of the evidence. It was therefore proper for the trial court, under that finding, to

render a personal judgment against I. J. Knapp for the contract price of the Franklin County lands, and to decree a foreclosure and sale thereof to pay the purchase price.

The next question to be determined on the appeal is whether the court erred in sustaining the attachment against the Crittenden County land. The grounds of the attachment were controverted, and we are unable to discover any evidence in the record tending to show that I. J. Knapp had sold or was about to sell any of his property with the fraudulent intent to cheat, hinder and delay his creditors. In fact, W. H. Gray is in the position of insisting upon a sale of the Crittenden County land to Swepston in order to obtain a part of the purchase price therefor as a payment on the purchase price of the Franklin County lands, and therefore is in no position to say, because he rescinded that sale and gave an option upon the Crittenden County land to Swepston, that Knapp was disposing of his property for the purpose of defeating his creditors. In rescinding the sale the property contracted to Swepston was regained. It is not shown that the option given to Swepston to purchase in the future put or tended to put the property or the proceeds of the sale beyond the reach of creditors. We think there is an entire absence of evidence in the record upon which to sustain the writ of attachment against the Crittenden County land.

The next question presented on this appeal is whether the court erred in rendering a personal judgment against L. S. Swepston, the garnishee herein, to apply on any deficiency judgment not satisfied by the sale of the Franklin County lands. The answer of Swepston admitted the execution of a $1,200 note to I. J. Knapp and Isa D. Knapp jointly for rents upon the Crittenden County land, but alleged that the note was not due, and that he did not know who the legal holder of the note was, and asked that the court require a surrender or impounding of the note before rendering judgment against him. As stated before, a judgment was rendered

against him without requiring proof that the note was non-negotiable or impounding it. This court said, in the case of *Head* v. *Cole,* 53 Ark. 523, that "where it appears that the garnishee is a debtor on commercial paper given to or held by the defendant, the court should decline to render any judgment against the garnishee unless it first compels the delivery of the paper into court, or until the paper matures and it is made to appear that the defendant still holds it. That is to say, the court should protect the garnishee against the danger of paying a debt twice, without destroying the essential properties of commercial paper, which we are confident the Legislature never intended to impair by the enactment in reference to garnishments. These views are sustained by a current of authority, uniform so far as we are advised. Tied. on Com. Paper, § 251, p. 415; Dan. Neg. Inst. § 800a." We think it inferable from the following allegation in the answer of Swepston that the note was negotiable, to-wit: "And he further states that he does not know whether the said I. J. Knapp and Isa D. Knapp are the legal holders of said note." This allegation in the answer of Swepston was not traversed and must be presumed to be true. *Beasley* v. *Haney,* 96 Ark. 568. Under the rules announced in *Head* v. *Cole, supra,* and *Beasley* v. *Haney, supra,* it was error to render a personal judgment against L. S. Swepston.

Having ruled that the chancery court should have dissolved the attachment, the court was necessarily without jurisdiction to determine the interest of the interpleader in the Crittenden County land. The only jurisdiction acquired by the Franklin Chancery Court over the Crittenden County land grew out of the issuance and levy of the writ of attachment on said land. The court was therefore without jurisdiction to determine that I. J. Knapp and Isa D. Knapp owned the Crittenden County land in entirety, and the decree to that effect cannot preclude the interpleader from litigating her rights in the property in any court acquiring and exercising jurisdiction over the property. In this view it is not

material and it is unnecessary to determine whether the court erred in excluding the evidence offered by her to the effect that the property was purchased with her individual money, and her husband's name inserted in the deed through mistake.

The decree rendering a personal judgment against I. J. Knapp for the purchase money of the Franklin County lands and for a foreclosure and sale of same is affirmed, but, on account of the errors mentioned, is reversed in all other particulars, and remanded, with directions to dissolve the attachment and discharge the garnishee.