SOUTHWESTERN GAS & ELECTRIC COMPANY *v.* W. O. PERKINS & SON.

4-2562

Opinion delivered May 16, 1932.

*Arnold & Arnold,* for appellant.

*John K. Butt,* for appellee.

BUTLER, J.   In 1925, W. O. Perkins & Son brought suit against Evelyn S. Wilson, who at that time was the owner of a parcel of land, alleging that the defendant was justly indebted to them in the sum of $56.86 for lumber and building material sold and delivered to the defendant and used in the repair and improvement of the parcel of land, and that within ninety days from the date of the last item purchased they had filed a lien on the property and prayed for judgment for the amount of the debt, and that the property be ordered sold in satisfaction of the judgment. Answer was filed by Evelyn S. Wilson, and at the trial of the case the court rendered a decree adjudging the defendant indebted to the plaintiff in the sum sued for, and further that the suit was not filed within the time prescribed by law for the enforcement of liens, and denied that part of the prayer of the complaint asking that the property be sold.   The judgment remaining unsatisfied, a writ of garnishment was issued on September 14, 1931, and properly served on the Southwestern Gas & Electric Company, but no allegations or interrogatories were filed at that time or thereafter.

The garnishee answered stating that it did not have in its hand or possession on or after service of the writ any moneys, goods, chattels or any other property of any kind, nature or description belonging to the defendant, Evelyn Wilson, and, continuing, it answered that "said garnishee states, however, that the records of said company show that the said Evelyn S. Wilson owns nine shares of the par value of $100 each preferred stock of said company with no maturity date; that, so far as the records of said company show, said stock is still owned by the said defendant."

No denial to the answer was filed by the garnisher and on the 19th day of January, 1932, in the case of *W. O. Perkins & Son* v. *Evelyn S. Wilson, defendant,* and *Southwestern Gas & Electric Company, garnishee,* the court entered the following judgment:

"On this day this cause came on to be heard upon the interrogatories propounded to garnishee by plaintiff and upon the answer herein filed by garnishee showing that defendant held preferred stock in defendant garnishee company of the par value of $900 and that said stock was issued in her name. The court finds that a writ of garnishment was issued against defendant garnishee at the instance of plaintiff, and that defendant garnishee's answer is filed in response to said writ.

"Upon the proof adduced, and upon the answer of defendant garnishee herein filed, the court finds that defendant garnishee has in its hands personal property belonging to defendant in the sum of $900, and that by reason thereof plaintiff is entitled to judgment against defendant, and that, upon payment of said judgment to plaintiff by defendant garnishee, defendant garnishee shall be entitled to reimburse itself out of said personal property so held by it.

"Wherefore it is the judgment of this court that plaintiff have judgment against defendant garnishee in the sum of $99.47 with interest thereon at the rate of 6 per cent. from September 14, 1931, until paid; that defendant garnishee have judgment against defendant in the same amount; that, in order to collect its said judgment, defendant garnishee is hereby authorized to deduct the amount of same from the value of the personal property held in its hands belonging to defendant."

The record in that case has been certified to this court for review, it being insisted by the appellant that the judgment is void for three reasons which appear on the face of the record, as follows:

"1. That the original judgment upon which the judgment by garnishment against appellant was rendered is void for want of jurisdiction.

"2. That the judgment by garnishment against appellant is erroneous because it was rendered without allegations and interrogatories.

"3. That the judgment is void and reversible because on its face it appears that it was rendered solely on the garnishee's (appellant's) answer."

We are of the opinion that the first and second grounds urged for reversal are without merit, but, since we think that the third ground is well taken, it is unnecessary to state our reasons for our conclusion as to the first and second grounds.

It is insisted by the appellee that, because of the recitals in the judgment that the court based its finding "upon the proof adduced and upon the answer of the defendant garnishee filed herein," the case must be affirmed, as it is here without a bill of exceptions or a record of the evidence, and therefore the conclusive presumption is that there was evidence to support the finding and judgment of the court. Appellee argues that this court cannot know what the evidence was, but the judgment shows upon its face that there was some evidence, and that it must be presumed that this evidence showed that the garnishee (appellant) had in its hands and possession personal property belonging to the defendant of the value of at least $99.47, and that by reason thereof the plaintiff was entitled to a judgment against the garnishee, notwithstanding the garnishee answered that it had no such money or property in its possession belonging to the defendant.

Appellee overlooks the fact that they did not file any denial to the answer. If they had deemed the answer untrue or insufficient, they might have denied the same and caused such denial to be entered on the record, § 4912, Crawford & Moses' Digest, and, having failed to do this, the garnishee's answer is conclusive of the truth of its allegations. *Beasley* v. *Haney*, 96 Ark. 568, 132 S. W. 646. Hence no proof could have been adduced tending to controvert the answer or to show that appellant had in its hands any goods, chattels, moneys, credits and effects or other property belonging to the defendant. In fact, when the judgment is scrutinized considering all of its parts, the inference is inescapable that the court based

834

its judgment on the information contained in the answer that the records of appellant company showed that Evelyn S. Wilson owned nine shares of the preferred stock of the company of the par value of $100 each, and this must have been the property it found to be in the hands of the appellant belonging to the defendant, Evelyn S. Wilson.

The statute prescribes the manner in which shares of stock belonging to a judgment debtor may be reached by the creditors. This appears to us to be the exclusive remedy, and garnishment will not lie.

If the appellee is so advised, it may proceed against the shares of the stock in the method pointed out by the statute for the collection of its debt. The decree of the trial court is reversed, and the garnishment is dismissed.