Fireman's Fund Insurance Company *v.* First National Bank of Fort Smith.

4-3460

Opinion delivered May 14, 1934.

*John E. Coates, Jr.,* for appellant.

*M. A. Hathcoat* and *S. W. Woods,* for appellee.

Humphreys, J. On the 25th day of January, 1932, appellee obtained a judgment for $10,000 against Joe McCracken in the circuit court of Marion County, and on the 20th day of January, 1933, caused a writ of garnishment to be issued thereon against appellant, upon the allegation of appellee that it had reason to believe that appellant was indebted to Joe McCracken.

After due service of the writ, appellant filed an answer on the 25th day of January, 1933, admitting that it issued a fire insurance policy to Joe McCracken and

E. L. Huddleston, doing business under the firm name of Joe & Hud, on their stock of goods and fixtures, protecting them against loss in the sum of $2,250, and that they suffered a fire loss, but stating that no adjustment of the claim had been made, and for that reason it did not then know whether it was indebted to them in any sum, and that, when the adjustment was completed, further answer to the garnishment would be made. It further answered that a previous garnishment had been served upon it by the Little Rock Tent & Awning Company.

Appellant filed no additional answer, and appellee filed no reply to what purported to be the original answer of the garnishee.

About a year afterwards, and at a regular term of court, appellee obtained a judgment against the garnishee (appellant) in the full amount of the policy, from which is this appeal.

Appellant contends for a reversal of the judgment and a dismissal of the garnishment on the ground that it denied any liability in its answer, and that it was incumbent upon appellee to file a reply contravening the issue tendered and to establish its liability before judgment could have been rendered against it. Had appellant denied liability on the policy, it would have been the duty of appellee to file a denial in accordance with the statute (Crawford & Moses' Digest, § 4912), and the rule announced in the case of *Beasley* v. *Haney*, 96 Ark. 568, 132 S. W. 646, and cases therein cited. Appellant did not deny liability, but, on the contrary, stated in its original answer that the claim was under adjustment, and that, as soon as completed it would file an additional answer. This it neglected to do for a year or more, and by its silence admitted liability to the partnership in the full amount of the policy.

It was the duty, however, of appellee before taking a judgment for the full amount to have made his partner, E. L. Huddleston, a party and to have shown that he was not entitled to any part of the claim; also to have made the Little Rock Tent & Awning Company a party and to have shown it was entitled to no part thereof, or, if

entitled to any part, what part; and to have shown there were no partnership debts. If there were any partnership creditors, they were entitled to be paid out of the claim before McCracken was entitled to any part thereof. Appellee's right to any part of the claim depended on whether McCracken had any share therein, or, in other words, its right must have been worked out through McCracken's interest in the claim.

The judgment is reversed, and the cause is remanded with directions to the circuit court, when all necessary parties are brought in, to render judgment against appellant in favor of appellee for the amount it owes McCracken after the partnership debts are paid and after the claim, if any, of the prior garnishee is paid and the partner, E. L. Huddleston, is awarded his share, in case he is entitled to any part thereof. The appellant can protect itself from double payment by paying the entire amount of the claim into the registry of the court and getting a discharge.