Magnolia Petroleum Company *v.* Wasson,
Bank Commissioner.

4-4261

Opinion delivered April 6, 1936.

*Cockrill, Armistead & Rector,* for appellant.
*McDaniel, McCray & Crow,* for appellee.

Baker, J. Walter E. Taylor, as Bank Commissioner, procured a judgment against A. V. Martin *et al.,* for $39,550 and costs. On July 11, 1933, the Bank Commissioner filed a petition in the chancery court alleging the above indebtedness to be unsatisfied, that Magnolia Petroleum Company and others, naming them, were indebted for rents on buildings occupied by them, the exact amount of such rents not being known, and then propounded the following interrogatories:

"First: Were, you on or after the date of the service of the writ of garnishment herein indebted to the defendant, A. V. Martin? If so, how were you indebted, and for what amount?

"Second: Had you in your hands and possession on or after the date of the service of the writ of garnishment herein any goods, chattels, moneys, credits or effects belonging to said defendant, A. V. Martin? If so, what was the nature and value thereof?"

Writ of garnishment against Magnolia Petroleum Company was issued on July 12, 1933, and served on that

day. Thereafter, on July 22, 1933, the Magnolia Petroleum Company filed its answer, duly verified by its assistant manager. In this answer it stated it had in its possession the sum of $75 to the credit of defendant, A. V. Martin; that it had no other moneys, rights, credits, or choses in action belonging to the defendant other than the $75, which it held subject to the orders of the court. Thereafter, on October 3, 1935, the court rendered a judgment against the Magnolia Petroleum Company in the sum of $1,425. In that judgment it was found that the Magnolia Petroleum Company had continued to rent property from A. V. Martin of the rental value of $50 per month. It is from that judgment the Magnolia Petroleum Company has appealed.

It is admitted by the appellee that no exceptions were made to the answer filed by the Magnolia Petroleum Company; that there was no traverse of its answer, but it is argued that it may be determined from the record, which is silent except the above statement in the judgment, that the court heard evidence justifying the rendition of this judgment. It is also contended by the appellee that on August 3, 1933, the court made an order reciting the fact of separate answers of H. H. Thompson, garnishee, J. Byrd Wright, garnishee, and Fred Newcomb, garnishee, and that upon this recital it was ordered that all garnishees upon whom writs of garnishment had been served, were directed to pay rents due or to become due, to the clerk of the court, and that by this order all rents were impounded.

The garnishment proceedings in this case are statutory and must be so regarded. When the answer was filed it furnished the basis for the rendition of a judgment for $75. The court may have heard evidence tending to show such an amount of indebtedness as was acknowledged, but there was no issue upon which evidence could be adduced. The answer was conclusive until an issue was made by some traverse thereof. *Beasley* v. *Haney*, 96 Ark. 568, 132 S. W. 646. Testimony without such answer or traverse to garnishee's response to the interrogatories filed was improper, as will appear from

a discussion in the case of *Southwestern Gas & Electric Co.* v. *W. O. Perkins & Son,* 185 Ark. 830, 49 S. W. (2d) 606.

It is unnecessary to quote from the two cases above cited. It must be sufficient to say that they very clearly and completely lay down the rules of procedure by which the courts are bound.

But it is argued that the garnishee was actually indebted in an amount of rents that accrued from and after the date of the filing of the answer by the garnishee. This argument is gratuitous. There is no such record here. We cannot, and do not, presume facts that could appear of record only according to fixed statutory methods, when those methods were not pursued. We have already shown that the case was not susceptible of oral testimony without some controversy or issue joined as to a matter pending before the court. Therefore, there is no proof of any accruing rents held by the garnishee or that should have been paid by it to the clerk of the court.

We are not saying that the court of equity could not have properly impounded a fund and directed a payment thereof into the registry of the court. There is no record here, however, showing that the Magnolia Petroleum Company was given any notice of such action of the court. It will be observed that it was not among those mentioned in the order upon which the appellee relies. There is no proof that it had any kind of notice to the effect the order was intended to apply to the Magnolia Petroleum Company as it did to others who were mentioned. However, if it did have actual notice of this order, we do not think it was at liberty to disregard the effect of the order without other or further directions or instructions from the court in so far as the same applied to appellant here.

We are unwilling to say and do not say that after the garnishee had filed its answer that it must follow the case and take notice, when in fact none was given, of all actions of the court.

Under the authorities above cited, until there was a traverse of its answer, it was not required or expected to

take notice of any act except the rendition of the judgment or order to pay over the $75. No other fund had been drawn into the court except that sum. See § 4906, Crawford & Moses' Digest.

In the matter of an equitable garnishment, which is not controlled by the statute, we have recently held that a recovery could be had only to the date of filing answer. It is not reasonable that a statutory proceeding should furnish any broader remedy than the more flexible equitable remedy. *Mabry* v. *Manney*, 190 Ark. 154, 160, 77 S. W. (2d) 975.

In that case the garnishee was making an effort to cover or conceal the amount of indebtedness, and, as shown by the complaint and proceedings, the plaintiff was pursuing the garnishee to uncover certain assets protected by the fraudulent conduct of the garnishee controlled by the defendant and his subordinates who filed all the answers.

It is not the view of this court that a reversal of this case will necessarily work a discharge of the garnishee after paying the $75. We are only holding that the procedure followed was erroneous, that this case should be reversed and remanded with directions to enter judgment for $75, and no more, unless the answer of garnishee be traversed, and it be shown that the garnishee had knowledge of the court's order impounding funds due from garnishees, and that it acted contrary to such order after such knowledge, which facts may be shown by proper pleadings and proof, if it be available, in which event the court may then proceed to determine the amount of money properly impounded, if any, and render judgment accordingly.

It is so ordered.