KOCHTITZKY & JOHNSON, INC. *v.* MALVERN GRAVEL CO.

4-4829

Opinion delivered November 29, 1937.

*Gordon E. Young* and *Martin, Wootton & Martin,* for appellant.

*Joe W. McCoy,* for appellee.

BUTLER, J. This is the second appeal in this case, the first having been decided on March 30, 1936, reported in 192 Ark. 523, 92 S. W. 2d 385. In that case there was an appeal by the garnishee from a judgment by default. Previous to that judgment a judgment by default had been rendered in favor of Malvern Gravel Company

against Ward-Hayes Construction Company, a partnership. At a subsequent term of the court to that when judgment was rendered against the garnishee, the garnishee moved to set aside the judgment on the ground of unavoidable casualty. The trial court denied this motion. This court, on appeal, reversed the judgment of the trial court and remanded the case with directions "to hear the appellant's answer as garnishee upon its merits."

On remand, the garnishee filed an amendment to its previous answer. The original answer alleged that it was not, at the time of the service of the writ of garnishment, indebted to the Ward-Hayes Construction Company and was not at the time it filed its answer. The amendment set up the further defense that the judgment rendered in favor of the Malvern Gravel Company against Ward-Hayes Construction Company was invalid in certain particulars which were set out, and that any judgment against it would be premature. Appellee demurred to the answer as amended, which demurrer was sustained except as to the allegations of the answer denying that the garnishee was indebted to the principal debtors. No traverse to the answer of the garnishee was filed.

At this state of the proceedings, Frank McGillicuddy, the manager of the appellee, was called as a witness by the appellant and was asked this question: "It is alleged in their answer (the garnishee) that they don't hold any money in their hands belonging to Ward-Hayes Construction Company . . . . State to the jury whether or not that is true." Appellant objected to this question. The witness was further asked: "Did they at any time up to the filing of the answer in 1934?" The witness answered, "Mr. Kochtitzky told me that they would have this money, but that they were holding it because they knew we did have the claim." The appellant then interposed the following objection: "We object to the introduction of any testimony on the part of the plaintiff to contradict the allegations and statements in our answer to the effect that we owe the plain-

tiff any money for the reason that no pleadings have been filed by the plaintiff denying the allegations in our answer.'' The objection was overruled by the court and exceptions duly saved. The witness was then permitted to testify in effect that Mr. Kochtitzky had acknowledged to him that his company, at the time the writ was served and before answer was filed, had money in its hands belonging to Ward-Hayes Construction Company to protect it against the claim of appellee. At the conclusion of the testimony, the trial court instructed the jury, if it found from a preponderance of the evidence that appellant had in its hands goods, credits, wares, moneys, or effects belonging to Ward-Hayes Construction Company during the interval of time between the service of the writ of garnishment upon it and the filing of its answer, that it should find for the plaintiff in the amount of the judgment obtained by appellee against Ward-Hayes Construction Company. There was a verdict and judgment against the appellant as garnishee in the amount of $800 and interest.

In the motion for a new trial there are a number of assignments of error which are insisted on for a reversal of the judgment. These we need not consider other than the 17th, which is as follows: ''Because the court erred in permitting any evidence whatever being introduced in this cause to vary or contradict the answer filed herein by the garnishee denying that it had in its hands or possession any goods, chattels, moneys, credits, effect or other property belonging to the defendant, J. L. Ward and William J. Hayes, a partnership doing business under the partnership name of Ward-Hayes Construction Company, for the reason that the plaintiff had not filed an answer or reply controverting the answer of said garnishee, and there was no pleading in this action filed by the plaintiff to support such evidence on behalf of the plaintiff to which ruling of the court the garnishee at the time excepted and prayed that its exceptions be made a matter of record.''

In the answer first filed by the garnishee, and before any judgment was entered against the principal debtors.

appellant filed its verified answer in which, among other things, it stated that prior to the service of the writ of garnishment and since that date it had not been and was not then indebted unto the principal debtors, nor had it in its hands or possession any goods, chattels, moneys, credits or effects belonging to the principal debtors. This denial of indebtedness was repeated in the amendment subsequently filed. The appellee did not file an answer or reply controverting the answer of the garnishee, or any other pleading traversing the answer. In that state of the record the objection of the appellant heretofore quoted was interposed and the trial court erred in overruling the same.

The case of *Beasley* v. *Haney,* 96 Ark. 568, 132 S. W. 646, contains the following statement: "The answer of the garnishee is taken as *prima facie* true of the allegations it contains and if it is not contradicted or if issue is not taken thereon it will be presumed to be absolutely true. If, therefore, there is no denial or traverse of the allegations of the answer of the garnishee he is entitled to be discharged." This case has been followed and approved in a number of our cases which are cited in brief of counsel for appellant. The last of these is the very recent case of *Magnolia Petroleum Company* v. *Wasson,* 192 Ark. 554, 92 S. W. 2d 860. In that case a writ of garnishment was served upon the Magnolia Petroleum Company propounding the statutory interrogatories. Thereafter, the garnishee filed its answer duly verified, stating that it had in its hands the sum of $75 and that it had no other money, etc., belonging to the principal debtor other than that. The court rendered a judgment against the garnishee for the sum of $1,425. There was no traverse to the answer of the garnishee. In reversing that judgment, upon appeal, we said: "The garnishment proceedings in this case are statutory and must be so regarded. When the answer was filed it furnished the basis for the rendition of a judgment for $75. The court may have heard evidence tending to show such an amount of indebtedness as was acknowledged, but there was no issue upon which evidence could be ad-

duced. The answer was conclusive until an issue was made by some traverse thereof. Testimony without such answer, or traverse to garnishee's response to the interrogatories filed, was improper, as will appear from a discussion in the case of *Southwestern Gas & Electric Co.* v. *W. O. Perkins & Son,* 185 Ark. 830, 49 S. W. 2d 606.''

The judgment of the trial court is, therefore, reversed, and the cause remanded for such further proceedings as the parties may be advised in conformity with the law and not inconsistent with this opinion.