GRAHAM v. LITTLETON.

4-5527                                         131 S. W. 2d 637

Opinion delivered June 19, 1939.

*Gustave Jones,* for appellant.

*Fred M. Pickens,* for appellee.

Smith, J. Henry Littleton brought suit in the circuit court, which, on motion, was transferred to chancery court, upon four notes, each for the sum of $300, executed by Gus Graham to the order of Mrs. Minnie Littleton, which the plaintiff alleged he had acquired, for a valuable consideration, before maturity, and in due course of business.

An answer was filed, in which the execution of the notes was admitted, as was also the fact that they had not been paid. But the answer alleged that a decree had been rendered in a suit pending in the chancery court, in which the Farm Credit Corporation was plaintiff and Mrs. Littleton was the defendant, in which Graham had been sued as garnishee, and a judgment rendered against him as such for the sum of $1,500, that amount including the four notes here sued on and another note, which was also for the sum of $300. The five notes were all dated November 11, 1930, and were due one, two, three, four and five years from date, respectively. That decree recites that Mrs. Littleton made no defense and did not appear. Graham also made default, and the allegation, contained in the complaint of the plaintiff credit corporation, that he was indebted to Mrs. Littleton upon the five notes of $300 each, was not denied. Upon this state of the pleadings, a default decree was rendered against Graham for the sum of $1,500, and it was ordered that Mrs. Littleton be restrained from selling or otherwise disposing of the notes. This decree is pleaded in bar of the present suit.

That decree was not entered until May 22, 1934, at which time it was entered, under a *nunc pro tunc* order, as of November 22, 1932.

Testimony was offered to the effect that these notes were sold and assigned by Mrs. Littleton to her son

Henry on the day after their execution, which was nearly two years before the rendition of the decree in the suit of the Credit Corporation and about three and one-half years before the entry of the decree in that case. Henry Littleton was not a party to that proceeding, and the testimony in his behalf is to the effect that he had long been the owner of the notes before that suit was brought.

No attempt was made to show that Mrs. Littleton was insolvent, and the question of fact tried in the court below was whether she had sold and transferred the notes to her son. The court below found, upon testimony which is sharply conflicting, that she had, and we are unable to say that this finding is contrary to the preponderance of the evidence. If Mrs. Littleton did sell these notes, the sale was made before the institution of the suit by the Credit Corporation, and Graham was not then indebted to her, but was indebted to the owner and holder of the notes. There was no service upon Mrs. Littleton of this restraining order. The circumstance which lends strong support to the finding of the chancellor is the fact that Henry Littleton pledged the first of these five notes to a bank as collateral for a loan made him, and when the note matured he drew a draft on Graham for the amount of the note, which was duly honored.

This transaction occurred before the institution of the suit by the Credit Corporation, yet, notwithstanding this fact, Graham filed no answer when garnisheed. Had he done so, the law would have cast upon the Credit Corporation the burden of showing that Mrs. Littleton was the holder and owner of the notes.

In the case of *Knapp* v. *Gray*, 153 Ark. 160, 239 S. W. 757, the maker of a negotiable note was served with a writ of garnishment. The garnishee filed an answer admitting the execution of the note and his liability thereon when it matured, but he also alleged that he did not know who the legal owner of the note was and he prayed that the court require a surrender or impounding of the note before rendering judgment against him.

The opinion in that case recites that "a judgment was rendered against him (the maker of the note) without requiring proof that the note was non-negotiable or impounding it." In holding that this was error, it was there said: "This court said, in the case of *Head* v. *Cole*, 53 Ark. 523, 14 S. W. 898, that 'where it appears that the garnishee is a debtor on commercial paper given to or held by the defendant, the court should decline to render any judgment against the garnishee unless it first compels the delivery of the paper into court, or until the paper matures and it is made to appear that the defendant still holds it. That is to say, the court should protect the garnishee against the danger of paying a debt twice, without destroying the essential properties of commercial paper, which we are confident the Legislature never intended to impair by the enactment in reference to garnishments.' "

Graham filed no answer or other pleading, which would have afforded him this protection.

"The answer of the garnishee is taken as *prima facie* true of the allegations it contains; and if it is not contradicted or if issue is not taken thereon, it will be presumed to be absolutely true. If, therefore, there is no denial or traverse of the allegations of the answer of the garnishee, he is entitled to be discharged." *Beasley* v. *Haney*, 96 Ark. 568, 132 S. W. 646; *Magnolia Petroleum Co.* v. *Wasson*, 192 Ark. 554, 92 S. W. 2d 860.

While the garnishee could have protected himself as did the garnishee in the case of *Knapp* v. *Gray, supra*, he cannot ignore the garnishment. He may, by failing to answer, permit the allegation against him to be taken as confessed. The answer of a garnishee is, of course, not conclusive of the facts which it recites, but it is *prima facie* true, and must be controverted as provided by the statute (§ 6125, Pope's Digest).

The headnote to the case of *Kochtitzky & Johnson, Inc.* v. *Malvern Gravel Co.*, 195 Ark. 84, 111 S. W. 2d 478, reads as follows: "Where no pleading is filed controverting the answer of the garnishee denying that it

was, at the time of the service of the writ or since, indebted to the principal debtor, it is error to permit the introduction of evidence to vary or contradict the answer." But, here, as has been said, the garnishee filed no answer, and there was nothing for the plaintiff Credit Corporation to controvert, as Graham, by his silence and failure to answer, confessed the allegations of the complaint against him. He took that action, or, rather, remained inactive, at his peril, and now that it has been found that Mrs. Littleton was not the owner of the notes when the judgment was rendered against him, he must pay the notes to the true owner. This was the decree from which is this appeal, and it is, therefore, affirmed.